THE CAMP POINT MANUFACTURING COMPANY

v.

CHARLES BALLOU, Admr.

1. PLEADING AND EVIDENCE—*recovery confined to the causes averred in the declaration.* In an action against the employer for an injury sustained by an employee, by reason of defective machinery provided by the employer, the right of recovery is confined to the defects specified in the declaration; and it is error to instruct the jury that the plaintiff is entitled to recover, if the injury was caused by *any* defect or insufficiency of the machinery.

2. INSTRUCTION—*defective, not cured by others.* An instruction, given for the plaintiff, that he is entitled to recover if the injury complained of was caused by any defect in the machinery provided by his employers, is not cured by a subsequent instruction, given for the plaintiff, that he is entitled to recover if the injury was occasioned in manner and form as charged in the declaration.

3. Nor does the fact that instructions given for the defendant restrict the plaintiff's right to recover, to the defects alleged in the declaration, obviate the objection to the plaintiff's instruction that he may recover for injury caused by any defect in defendant's machinery.

4. MASTER AND SERVANT—*of the care and diligence required by master in providing machinery.* As respects his duty towards an employee in his service, which involves the use of machinery, the employer is not bound to provide machinery which is absolutely safe. The law imposes upon him only the obligation to use reasonable and ordinary care and diligence in procuring suitable and safe machinery, and if the machinery provided is reasonably safe, it is sufficient.

5. Where an employee continues to work with machinery provided by his employer, after he has knowledge of its defects, he is deemed to have assumed the risk of such defects, at least when he has not been induced by the employer to believe that a change would be made, and does not plainly object.

6. EVIDENCE—*opinion of witnesses.* In an action by an employee against his employer, on account of an injury occasioned by the breaking of an emery-stone, provided by the employer and being used by the employee, where the evidence left it doubtful as to what caused the breaking of the stone, under such circumstances it was competent for an experienced machinist, who had made a particular inspection of the machinery and an examination of the broken pieces of the stone, to give his opinion, as a witness, upon the subject, based upon his observation and knowledge.

27—71ST ILL.

Appeal from the Circuit Court of Adams county; the Hon. Joseph Sibley, Judge, presiding.

Messrs. Wheat & Marcy, for the appellant.

Messrs. Wheat, Ewing & Hamilton, and Mr. Henry L. Warren, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action brought to recover for damages occasioned by the death of plaintiff's intestate, in consequence of the bursting of an emery-stone, at which he was engaged, in the employ of the defendant, in grinding and polishing irons used in the construction of agricultural implements. The stone was mounted on a wooden frame, and moved by a steam engine, which propelled the other machinery in the defendant's factory. It turned upon an iron axle, and was supported and held to its place by means of iron clamps, or "flanches," which were tightened upon the stone by nuts turning on a screw thread, cut on the axle. The engine had a governor attached, the office of which was to regulate the motion of the engine.

It was claimed, by the declaration, that the death of the deceased was caused by reason of the insufficiency of defendant's machinery, in three respects:

1. That the *governor* was defective, so that it could not properly control and regulate the speed of the engine, whereby the engine worked unsteadily and irregularly, and caused the emery-stone to revolve with irregular and varying velocity, by means whereof the stone, while revolving, was fractured and broken in pieces.

2. That the clamps upon each side of the stone, with which it was clasped and braced, were of a size and diameter too small to properly hold and strengthen the stone, and prevent it from breaking into pieces while being used.

3. That a strong, firm and steady frame was requisite for

the purpose of supporting and holding the stone while being used, so as to prevent the same from being shaken and jostled, and that the frame was insufficient in that respect.

The plaintiff recovered in the court below, and the defendant appealed.

It is assigned as error that the court erred in giving and refusing instructions.

It is objected to the second and fifth instructions, given for plaintiff. that they tell the jury, in effect, that the plaintiff may recover if the accident was caused by *any* defect or insufficiency of the machinery used by the defendant.     There was evidence given of several defects in the machinery, not alleged in the declaration, and the instructions should have confined the right of recovery to the defects specified in the declaration.     It is insisted, that the error is obviated by other instructions for the plaintiff, which predicate the right of recovery on the deceased having been killed by the defendant's negligence, in manner and form as alleged in the declaration.     But, after having been instructed that the plaintiff might recover if the accident was caused by *any* defect in the machinery, the jury would not feel called upon to search through the various counts of the declaration to find out what particular defects were therein complained of.     That would be unimportant, if there could be a recovery on account of any defect.     Nor does defendant's instruction, restricting the right of recovery to the causes of action alleged in the declaration, cure the error.     *Chicago, Burlington and Quincy Railroad Co.* v. *Payne*, 49 Ill. 500.     It is there held, that it is not sufficient that a part of the instructions contain a correct exposition of the law, if it is incorrectly announced in others.

It is further objected, to the second instruction, that it is not qualified by reference to the knowledge which the deceased was shown to have had of the alleged defects.

The doctrine upon this subject appears to be, that an employee can not recover for an injury suffered in the course of the business about which he is employed, from defective

machinery used therein, after he had knowledge of the defect, and continued his work, it being held, that, upon becoming aware of the defective condition of such machinery, he should desist from his employment; but if he does not do so, and chooses to continue on, he is deemed to have assumed the risk of such defects, at least when he had not been induced by his employer to believe that a change would be made, and had not plainly objected. *The Mad River and Lake Erie Railroad Co.* v. *Barber,* 5 Ohio St. 541; *Hayden* v. *Smithville Manf'g Co.* 29 Conn. 549; *Buzzell* v. *Laconia Manf'g Co.* 48 Me. 113; *Wright* v. *New York Central Railroad Co.* 25 N. Y. 562; *Priestly* v. *Fowler,* 3 M. & W. 1; *Dynan* v. *Leach,* 40 Eng. L. & Eq. 491.

As to the insufficiency of the governor, causing an irregular and at times an extremely rapid motion of the engine and machinery, and the insufficiency of the frame, causing the stone to work unsteadily, that state of things existed some time before the accident, and during the whole time that deceased had been at work grinding upon the stone, and of which no one may be supposed to have had better means of knowledge than himself, who was in the constant use of the stone.

The instruction purports to contain a complete state of facts sufficient to authorize a recovery, and, upon that state of facts, if found by the jury, directs them to find for the plaintiff.

In view of the evidence, we think the instruction should have been qualified, as insisted on by the objection. The same objection lies to the seventh instruction for plaintiff, and the same remarks as above may be made as to the error being cured by instructions for the defendant.

These instructions were defective, too, in declaring the defendant's liability under the facts supposed, irrespective of the fault and negligence of the deceased. There was evidence tending to show that the bursting of the stone was occasioned by reason of its condition in being "out of true," or of balance, and by reason of a failure in keeping the nuts properly

screwed up, so as to keep the clamps to the stone, and that such failure and condition of the stone were owing to the fault and negligence of the deceased. The instructions should have negatived such supposed fault and negligence of the deceased.

The following instructions, asked by the defendant, were refused :

"7.　The defendant was not bound to furnish the very best or most improved kind of machinery to be used in its manufactory ; and if the jury believe, from the evidence, that the engine, governor, emery-wheel, and the frame and flanges connected with the same, were reasonably safe, and such as are ordinarily used in similar establishments, they must find for the defendant."

"10.　Although the jury may believe, from the evidence, that an improvement has been made and patented upon the kind of governor used in connection with said defendant's engine, yet the defendant was not, on that account, bound to purchase or use such improved governor."

As respects his duty toward an employee in his service, the employer is not bound to provide absolutely safe machinery. The law imposes upon the employer only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery. See cases before cited, and Shearm. & Redf. on Negligence, secs. 87, 92. The machinery was not required to be the best or most improved kind, or to be absolutely safe. It was sufficient if it was reasonably safe.

Mr. Gardner, the inventor of the Gardner governor—the one here used, and which was got from him—testified that it was a good governor, and would perform what it was intended for. Its failure to perform its office would seem, as attempted to be shown by the evidence, to have been owing to its being out of repair, and having become worn. Merely because an improvement had been made and patented, the defendant was

not required, as the jury might have supposed, to discard the governor it had and purchase the improved one. We think these refused instructions should have been given.

Objection is taken to the exclusion of a question put by the defendant to the witness Tyler, as to how he accounted for the bursting of the stone. This witness was a machinist of long standing, had made a particular inspection of the machinery, and an examination of the broken pieces of the emery-stone. The testimony in the case left it in much doubt what caused the bursting of the stone. It was important that the jury should have all the light upon the subject they could get. The witness appears to have been competent to express an opinion upon the subject, and should have been allowed to answer the question and express an opinion, based upon his observation and knowledge.

It becomes unnecessary to consider the further error assigned, that the verdict is contrary to the evidence.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*