NELSON MORRIS, Impl'd, etc.

v.

MARY D. GLEASON, Adm'x.

MASTER AND SERVANT—NEGLIGENCE.—An employe engaged in the
business of running machinery, cannot recover for any injury received by him
in the course of the business which he was employed to do, resulting from any
defect in such machinery, if, before the injury he learns of such defects, and
thereafter continues in such work. He is deemed, in such case, to assume all
the hazards of such defects, at least when he continues such business without
objection upon his part.

APPEAL from the Circuit Court of Henry county; the Hon.
JOHN J. GLENN, Judge, presiding. Opinion filed November
1, 1879.

Mr. CHARLES K. LADD and Mr. J. K. BLISH, for appellant;
contending that the deceased, having knowledge of the defects,
and continuing in his employment after such knowledge, there
can be no recovery, cited Camp Point Mfg. Co. v. Ballou, 71
Ill. 417; C. & A. R. R. Co. v. Monroe, 9 Chicago Legal News,
375; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Sullivan's
Adm'r v. Louisville Bridge Co. 9 Ky. Ct. App. 81; Ladd v.
New Bedford R. R. Co. 20 Am. R. 332; Woodley v. Metro-
politan R'y Co. Am. Law Times, Oct. 1877; Gibson v. Erie
R'y Co. 20 Am. R. 553; Ford v. Fitchburg R. R. Co. 110
Mass.; Mich. Cent. R. R. Co. v. Austin, 40 Mich.; Wharton on
Negligence, § 214; St. L. & S. E. R. R. Co. v. Britz, 72 Ill.
256; Lovenguth v. City of Bloomington, 71 Ill. 238; Mehan
v. S. B. & N. Y. R. R. Co. 73 N. Y. 585.

A master is not liable for injury from unsafe machinery, if
the servant had the same means of knowledge: Williams v.
Clough, 3 H. & N. 258; Wright v. N. Y. Cent. R. R. Co. 25
N. Y. 566; Mad River R. R. Co. v. Barber, 5 Ohio St. 541;
Moss v. Johnson, 22 Ill. 633; I. B. & W. R. R. Co. v. Flanni-
gan, 77 Ill. 365; Shearman & Redfield on Negligence.

If the master has appointed a competent person to make
repairs, he is not responsible for defects arising from his

negligence: Warner v. Erie R. R. Co., 39 N. Y. 468; Wood's Master and Servant, 903.

In such case, the negligence which would make the master liable must be gross: Stark v. McLean, 10 C. S; Wood's Master and Servant, 903; Kewanee v. Depew, 80 Ill. 119; Keokuk P'kt Co. v. Henry, 50 Ill. 264; C. B. & Q. R. R. Co. v. Dunn, 52 Ill. 260.

The burden is upon the party claiming to recover, to show that deceased's negligence was slight in comparison with that of the master: Ill. Cent. R. R. Co. v. Houck, 72 Ill. 285; Chicago v. Major, 18 Ill. 349; C. & A. R. R. Co. v. Mock, 72 Ill. 141.

And to show that the negligence of the decedent did not contribute to the injury: Dyer v. Talbot, 16 Ill. 300; G. & C. U. R. R. Co. v. Fay, 16 Ill. 558; Nolan v. Schickler, 4 Cent. Law Jour. 263.

Each instruction should be correct in itself, without reference to others in the series: C. B. & Q. R. R. v. Van Patten, 64 Ill., 510; C. & A. R. R. Co. v. Murray, 62 Ill. 326; St. L. & S. E. R . R. Co. v. Britz, 72 Ill. 256; Camp Point Mf'g Co. v. Ballou, 71 Ill. 417; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; I. C. R. R. Co. v. Maffit, 67 Ill. 431.

Negligence is a question of fact, and for the jury to decide: G. W. R. R. Co. v. Haworth, 39 Ill. 347; C. & A. R. R. Co. v. Pennell, Ill. Sup. Ct., June, 1879; T. W. & W. R'y Co. v. Moore, 77 Ill. 217.

An employé cannot recover for an injury in the course of his business from defective machinery, unless the employer knew or ought to have known the fact, and the employe did not know, or had not equal means of knowing it: Hayden v. Smithville Mfg. Co. 29 Conn. 557; Williams v. Claugh, 3 H. & N. 258; Priestly v. Fowler, 3 Mees. & W. 1; Seymour v. Maddox, 3 E. L. & Eq. 265; Griffith v. Gidlaw, 3 H. & N. 648; Patterson v. Wallace, 28 E. L. & Eq. 48; Dyners v. Leach, 40 E. L. & Eq. 491; M. L. & L. E. R. R. Co. v. Barber, 5 Ohio St. 541; Farwell v. B. & W. R. R. Co. 4 Met. 49.

Morris v. Gleason.

What is sufficient to put one upon inquiry is good notice of what the inquiry would have disclosed: Watt v. Scofield, 76 Ill. 261.

Negligence in voluntarily going into a place of danger cannot be excused: Austin v. Chicago & —— R. Co. Sup. Ct. Ill., June, 1879.

One who enters voluntarily upon a dangerous employment, assumes all the accompanying risks: Smith v. St. L. Kansas. City, etc. R. R. Co. 9 Cent. Law Jour. 53; Senaboda v. Ward, 6 Weekly Jur. 138; Bretton v. Cotton Co. 1 Moaks' Notes, 381; Stoddard v. St. L. K. C. & W. R. R. Co. 65 Mo. 521.

Negligence cannot be presumed: Steffen v. C. & N. W. R. R. Co. 18 Am. Law Reg. 435; Smith v. St. L. K. C. etc. R. R. Co. 9 Cent. Law Jour. 53; C. B. & Q. R. R. Co. v. Harwood, Sup. Ct. Ill. Feb. 1879; C. & A. R. R. Co. v. Pennell, 11 Chicago Legal News, 369.

Messrs. McKenzie & Calkins, for appellee; that an employer is bound to provide machinery reasonably safe, and keep the same in repair, cited C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; Wonder v. B. & O. R. R. Co. 3 Am. R. 145; Wright v. N. Y. C. R. R. Co. 25 N. Y. 563; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; C. & N. W. R. R. Co. v. Taylor, 69 Ill. 461; Ryan v. Fowler, 24 N. Y. 413; Keegan v. The W. R. R. 8 N.Y. 180; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Perry v. Marsh, 25 Ala. 659; Cayser v. Taylor, 10 Gray, 274; Byron v. N. Y. State Print. Co. 26 Barb. 39; Hallower v. Henly, 6 Cal. 209; Sizer v. Syracuse, 7 Lans. 67; Perry v. Ricketts, 55 Ill. 234; T. W. & W. R'y Co. v. Fredericks, 71 Ill. 294; Feltham v. England, Law T. Rep. 46; Hayden v. Smithfield Mfg. Co. 29 Conn. 548; Patterson v. Wallace, 1 McQueen, 748; Marshall v. Stewart, 23 E. L. & Eq. 1; Dixon v. Rankin, 4 Court Sess. Cas. 420; Hutchinson v. R'y Co. 5 Ex. 352; Grizzle v. Frost, 3 F. & F. 622; Walsh v. Peet Valve Co. 110 Mass. 23; Coombs v. New Bedford Co. 102 Mass. 572; Ford v. Fitchburg R. R. Co. 110 Mass. 240.

A master cannot delegate authority to repair dangerous machinery and escape responsibility: C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Corcoran v. Holbrook, 59 N. Y. 517; Lewis v. St. L. & I. M. R. R. Co. 59 Mo. 495; Flike v. Borton & A. R. R. Co. 53 N. Y. 549; Ford v. Fitchburg R. R. Co. 110 Mass. 240; Snow v. Housatonic R. R. Co. 8 Allen, 441; Cumberland R. R. Co. v. State, 44 Md. 283; Shanny v. Androscoggin Mills, 66 Me. 420; Malone v. Hathaway, 64 N. Y. 5; Palmer v. City of Lincoln, 5 Neb. 136.

It is not necessary to bring actual knowledge of defects home to the employer; it is his duty to find them out: T. P. & W. R. R. Co. v. Conroy, 68 Ill. 560.

An employer knowing of extra hazards is bound to disclose them to his employe: Baxter v. Roberts, 44 Cal. 187; Clark v. Holmes, 7 H. & N. 937; Fort Wayne v. Gildersleeve, 33 Mich. 133; Strahlendorf v. Rosenthal, 30 Wis. 675; Spelman v. Fisher, 56 Barb. 151; Fairbanks v. Haentzche, 73 Ill. 236.

An employe does not assume the risks of extra hazards: Gibson v. Pacific R. R. Co. 46 Mo. 163; Ryan v. Fowler, 24 N. Y. 410; Noyes v. Smith, 28 Vt. 59; Schr. Norway v. Jensen, 52 Ill. 373; Gunderson v. Peterson, 65 Ill. 193; Baxter v. Roberts, 44 Cal. 187.

If the master subjects his servant to dangers which he ought to provide against, he is liable for an accident arising therefrom: C. & Gt. East. R. R. Co. v. Harnly, 28 Ind. 28; Patterson v. Pittsburg, R. R. Co. 18 Am. Rep. 412; Snow v. Housatonic, R. R. Co. 8 Allen. 441; Fairbanks v. Haentzche, 73 Ill. 236.

The servant is not required to inspect the machinery to see if there are latent defects: Kray v. Chicago R. R Co. 32 Iowa, 357; Muldewney v. R. R. Co. 40 Iowa, 343; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Woods' Master and Servant, 760.

Negligence is a question of fact, and the finding of the jury will not be disturbed unless manifestly against the weight of evidence: McNellis v. Pulsifer, 64 Ill. 494; Walker v. Martin, 59 Ill. 348; Aurora F. & M. Ins. Co. v. Eddy 55 Ill. 213;

Cross v. Cary, 25 Ill. 562; French v. Lowry, 19 Ill. 158; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217.

PILLSBURY, P. J. This case was before this court at the December term, A. D. 1877, when the judgment was reversed and the cause remanded for a new trial, because the instructions then given by the Circuit Court were considered by this court to be erroneous.

The opinion of this court is reported in 1 Bradwell, 510, where will be found a sufficient statement of the case. A new trial was had at the February term, 1879, of the Henry county Circuit Court, and again the jury returned a verdict for $5,000 in favor of the appellee, and the appellant again brings the case here by appeal.

On this last trial in the Circuit Court no great effort appears to have been made by appellant to prove that the boilers were in good repair, properly constructed and of sound material, nor to deny that the appellant had notice through Niles, the managing partner of the firm, of the dangerous condition of the said boilers.

It was at least tacitly admitted on the trial below, and now is by counsel for appellant in this court, that the boilers were dangerous to the life of any one laboring about them, and that such condition was known to said Niles, but it is claimed that Gleason, the deceased, was as fully if not better informed of their unsafety and general dangerous character than the firm by whom he was employed as engineer.

So clearly does this point appear from the record to be the vital one in the case, that counsel for appellee submits the question to this court in the following propositions :

Was George H. Gleason killed because of his own carelessness, or was he in the exercise of proper care, skill and caution, and killed because of defects in the boiler known to him, or which under the circumstances he was bound to find out ?

An affirmative answer to the foregoing necessitates the reversal of this cause.

Was George H. Gleason in the exercise of due care and caution at the time of the injury, and was the explosion the

result of defects which were unusual or unnecessary, and as to which he had no notice or knowledge, either actual or constructive?

If so, the judgment of the court below must be affirmed.

Upon the question of his knowledge of the condition of the boilers, it is admitted by counsel for the appellee that he knew they leaked very badly, but it is claimed that he had no notice of any other defects therein, and therefore the only extra hazard, the risk of which he assumed, was any injury to himself resulting from an explosion caused by such leakage, and as the proof shows that the explosion was not in consequence of such defect in the boilers, but was the result of weakness of the iron and their general unfitness for use, the appellee can still recover notwithstanding the deceased knew they leaked. We shall not at this time attempt to discuss the proposition so ably argued that "an employe knowing of extra hazards, takes the risk of such, but does not assume the risk of extra hazards not brought to his notice" as a careful examination of the evidence in the record establishes the fact even beyond a reasonable doubt, that the deceased had full knowledge of the dangerous character of the boilers arising from the weak, rotten condition of the iron, rendering them totally unfit for the purposes for which they were used, and dangerous to the life and limb of any one employed about them.

It would serve no useful purpose for us to notice in detail the testimony introduced below bearing upon this question. There were some eleven witnesses, several of whom were sworn for the first time upon the last trial, all concurring in their testimony that Gleason had notice of the generally defective condition of the boilers, and against this testimony there is practically nothing appearing in the record.

We then being convinced that Gleason had knowledge that the boilers were unsafe, dangerous, and in almost every respect unfit for use, have no other duty to perform than to apply the law as we find it to facts in the case so conclusively established by the evidence contained in this record.

The law is well settled that an employe engaged in the business of running machinery cannot recover for any injury

received by him in the course of the business which he was employed to do, resulting from any defect in such machinery, if, before the injury, he learns of such defects and thereafter continues in such work.

He is deemed in such case to assume all risks of such defects, at least when he continues such business without objection upon his part, and he has not been induced by his employer to believe that such defects would be remedied. Priestly v. Fowler, 3 M. & W. 1; Assops v. Yates, 2 H. & N. 767; Williams v. Clough, 3 H. & N. 258; Coombs v. New Bedford Cordage Co. 102 Mass. 572; Gibson v. Erie R'y Co. 63 N. Y. 449; Camp Point M'f'g Co. v. Ballou, 71 Ill. 417; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Central Railroad v. Kinney, 58 Geo. 485; Crutchfield v. R. & D. R. R. Co. 76 N. C. 320.

The judgment must be reversed.

Judgment reversed.