THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY

v.

CATHARINE CLARK, Adm'x.

1. MASTER AND SERVANT.—An employe when he enters upon any service, assumes all the ordinary hazards of such service, and if he has knowledge of the unsafe condition of machinery or appliances used by him, and continues in such service after having such knowledge, he can not recover for injuries received by reason thereof, unless the master coerced him into danger or in some way contributed to the injury.

2. NEGLIGENCE A QUESTION FOR THE JURY —Negligence in regard to the proper construction of the platform and its position with reference to the track was a question for the jury.

Error to the Circuit Court of Peoria county; the Hon. John Burns, Judge, presiding. Opinion filed August 8, 1882.

Mr. Thomas F. Withrow and Mr. H. W. Wells, for plaintiff in error; that proof of an injury is not proof of negligence, cited Lehman v. Brooklyn, 29 Barb. 234; Kranz v. White, 8 Bradwell, 583; Price v. Henegan, 5 Bradwell, 239.

A servant entering upon an engagement, takes upon himself all the ordinary risks, incident to the employment: T. W. & W. R. R. Co. v. Durkin, 76 Ill. 395; Wabash Ry. Co. v. Elliot, 98 Ill. 481; Foster v. C. & A. R. R. Co. 84 Ill. 164; Porter v. Hannibal & St. Jo. R. R. Co. 71 Mo. 66.

An employe can not recover for injuries from defects in machinery or appliances which he knew to exist: Morris v. Gleason, 4 Bradwell, 395; Richardson v. Cooper, 88 Ill. 270; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. & A. R. R. Co. v. Monroe, 85 Ill. 25; St. L. & C. Ry. Co. v. Butz, 72 Ill. 257; T. W. & W. Ry. Co. v. Black, 88 Ill. 112; Clark v. C. B. & Q. R. R. Co. 92 Ill. 43.

A master is not an insurer of the safety of machinery: Allerton Packing Co. v. Egan, 86 Ill. 253; Pennsylvania Co. v. Lynch, 90 Ill. 333; C. & A. R. R. Co. v. Platt, 89 Ill. 141.

The burden of showing that he was free from negligence rests upon appellee: Kepperly v. Ramsden, 83 Ill. 354.

Messrs. Wilson & Woolsley, for defendant in error; that negligence is a question of fact for the jury, cited G. W. R. R. Co. v. Haworth, 39 Ill. 346; C. & A. R. R. Co. v. Pennell, 94 Ill. 448; G. & C. N. R. R. Co. v. Yarwood, 17 Ill. 509; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177; T. P. & W. R. R. Co. v. Foster, 43 Ill. 415; I. & St. L. R. R. Co. v. Staples, 62 Ill. 313.

The proof tends to show that deceased was exercising due care: Ill. Cent. R. R. Co. v. Welsh, 51 Ill. 183; C. & A. R. R. Co. v. Wilson, 63 Ill. 167; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. & I. R. R. Co. v. Russell, 91 Ill. 298; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333.

Although the evidence may be conflicting, yet the verdict

should stand unless it is clear it was obtained through passion or prejudice: Stickle v. Otto, 86 Ill. 161; Addems v. Suver, 89 Ill. 485; Geurdon v. Corbell, 87 Ill. 272; Howell v. Estelle, 92 Ill. 218.

LACEY, J. This was a suit by defendant in error, who sued as the administratrix of James A. Clark, deceased, brought under the statute against plaintiff in error for wrongfully causing the death of deceased, who was her husband, and father of Wm. and George Clark, infants, by which they were deprived of their means of support.

The death occurred July 2, 1879, caused by deceased being caught between moving cars and the stone platform, in Joliet, receiving injuries from which he died while he was engaged in braking in the employ of the plaintiff in error. Defendant in error recovered judgment for $4,000.

The gravamen of the charge in the declaration was that the plaintiff in error was guilty of negligence in building the platform too near the said railroad track, the platform being three and one half feet high and only ten inches from the track.

That the deceased had only been brakeman for a short time and was ignorant of the location and construction of the platform and did not know that it was dangerous to couple cars on the track nearest the platform and that he was wholly ignorant of the distance between the cars and the platform and was unacquainted with the location and structure of the platform with reference to the track. That plaintiff in error had notice of this insecure structure and that it knew deceased was ignorant of it. It appears from the evidence that the plaintiff in error had maintained the platform and track at the point in question in the same relative position for many years, at least eight, and it also appears that deceased had been employed as brakeman on the road for about one month prior to the time he was injured, and also that between June, 1876, to January, 1877, he had been employed as brakeman on the road, passing every few days by this same platform, and there was evidence tending to prove that he could see the platform and

C., R. I. & P. R. R. Co. v. Clark.

situation on the night of the injury. Therefore it may be fairly said that there was evidence tending to show that the deceased had knowledge of the situation of the platform with reference to the track, as much so as the plaintiff in error.

This being the state of the evidence, the defendant in error asked and the court gave, against the objection and exception of the plaintiff in error, the following instructions, viz.: " The court instructs the jury that when the employer or master is notified of a dangerous or unsafe platform or other structure constructed too near or close to a railroad track or tracks, and fails to remove the same or make the same reasonably safe, then, and in that case, an employe or servant who sustains injury on account of such unsafe platform while in the performance of his duty as employe, is by law entitled to recover from the employer or master damages for such injury, although the employe or servant had full knowledge of such dangerous platform or structure, if he, the employe, was at the time using reasonable and ordinary care in attempting to avoid injury from such structure."

This instruction was clearly erroneous, and does not state the law correctly as applicable to a case like this.

In the first place, it is not the duty of the employer to furnish absolutely safe machinery or appliances. The law imposes on the employer only the obligation to use reasonable and ordinary care and diligence to furnish or provide suitable and safe machinery and structure. Camp Point Man'f'g Co. v. Ballou, adm'r, 71 Ill. 417.

The rule of law also seems to be well settled in this State, that if the machinery or structure of the road is not such as would be in law regarded reasonably safe, and the employe has notice of such condition and accepts such employment with such knowledge, or having taken such employment continues in it after he discovers such unsafe condition, he, if he receives injury afterward while in the line of his employment, on account of such unsafe condition, can not recover, unless the master by urging on the servant, or coercing him into danger, or in some other way directly contribute to the injury: Pennsylvania Co. v. Lynch, and numerous cases

cited in the opinion, 90 Ill. 333, and the case above cited, 71 Ill. 417; Morris v. Gleason, and cases cited in argument, 4 Bradwell, 398. The law is that the employe, when he enters upon any service, assumes all the ordinary hazards arising from the performance of the duties of his voluntary engagement. Clark v. The C. B. & Q. R. R. Co. 92 Ill. 45.

If he has knowledge of any special danger arising from defective machinery, or the construction of the road, or other special circumstances rendering the employment more hazardous, the rule is the same, and if he receives injury on such account he can not recover.

It matters not what care and caution he uses in the discharge of his duties; if his injuries are received on account of the hazards he has assumed—those that he was acquainted with—he can not recover.

The above instruction tells the jury that if he used due care and caution in braking at the time he received the injuries he can recover, notwithstanding he may have had full knowledge of the dangerous construction of the platform with reference to the railroad track.

The cases cited by defendant in error of Ill. C. R. R. Co. v. Welsh, 51 Ill. 183; C. & A. R. R. Co. v. Wilson, 63 Ill. 167; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; C. & I. R. R. Co. v. Russel, 91 Ill. 298; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333, are cases where the employes were ignorant of the dangerous condition of the machinery and are not in conflict with the cases cited. The declaration in this case avers that the defendant in error was ignorant of the manner in which the platform was constructed; and these averments were necessary in order to state a case upon which recovery could be had.

The first instruction is erroneous in not having the condition that if the deceased could have ascertained the danger by reasonable care, then he could not recover as well as if he actually knew it, as the instruction provides.

The second instruction ignores entirely the knowledge of the construction of the platform on the part of deceased. The fourth and fifth instructions entirely ignore the possible

knowledge either express or implied that the deceased may have had of the danger of the employment in which he was engaged, if there was extraordinary danger.

The seventh instruction is erroneous under the state of the evidence, because knowledge of the condition would bar recovery by defendant in error, unless the plaintiff in error urged him on to brake in such dangerous place, if it was dangerous, or was in some other way directly responsible for the injury.

But there was nothing in the evidence to support such latter hypothesis.

Number ten was erroneous in being misleading in apparently confining the care and caution of deceased to the occasion of the braking at the time the injury was received, intimating to the jury that if there was no fault in that respect he could recover, ignoring his previous knowledge of the condition of the platform and track.

We see no error in the refusal of the court to give the first and second refused instructions asked on the part of plaintiff in error.

The question of negligence is a question of fact and not of law. The jury and not the court should decide.

The proper construction of the platform and its condition with reference to the track is one of fact and not of law. We do not feel called upon or think it proper to discuss the evidence. For the reasons above given the judgment is reversed, and the cause remanded.

Reversed and remanded.