The Chicago, Burlington and Quincy Railroad Co.

*v.*

Coleman Levy.

*Filed at Ottawa November 1, 1895—Rehearing denied March 13, 1896.*

1. Negligence—*recovery confined to particular negligence stated.* An instruction in an action for personal injuries allowing recovery if the defendant "was guilty of negligence contributing to the injury," is erroneous, as failing to confine recovery to the particular negligence alleged in the declaration.

2. Appeals and errors—*instruction as to comparative negligence is not reversible error.* An instruction stating the rule of comparative negligence is not reversible error, although it is no longer the law. (Phillips, J., not concurring.)

3. Evidence—*burden on plaintiff to show due care.* Plaintiff in an action for personal injuries has the burden of proving that he was in the exercise of ordinary care and prudence.

*C., B. & Q. R. R. Co.* v. *Levy*, 57 Ill. App. 365, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jonas Hutchinson, Judge, presiding.

Chester M. Dawes, and Frank O. Lowden, for appellant.

Case, Hogan & Case, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

This was an action on the case, brought by appellee, against appellant, for injuries alleged to have been received by him in August, 1891, at Morgan street crossing, in Chicago, by appellant's train coming in collision with his buggy and throwing him out, resulting in his being injured. The first count of the declaration charges negligence in failing to ring a bell or sound a whistle, as required by statute, and the second count charges negligence by reason of the gateman failing to lower the gates. A jury in the Superior Court returned a verdict of $4500, on which judgment was rendered, and on appeal that judgment was affirmed by the Appellate Court for the First District.

There was a conflict in the evidence as to whether a collision occurred between appellant's train and appellee's buggy, and as to the manner in which appellee was injured, and it is only necessary for us to consider the instructions as given and refused.

The trial court gave to the jury, at the request of the plaintiff below, the following instruction, numbered 5:

"You are instructed that although you believe, from the evidence, that the negligence of the plaintiff contributed to the injury, that will not bar a recovery in this case, provided you further believe, from the evidence, that the plaintiff used and exercised ordinary care and caution, and that the defendant was guilty of negligence

contributing to the injury, and of such degree that when compared with the negligence of the plaintiff the negligence of the defendant was gross, and the negligence of the plaintiff, when compared with that of the defendant, was slight."

This instruction was erroneous. It states that if the defendant was guilty of negligence contributing to the injury, etc., then the plaintiff may recover. There are two counts in the declaration,—one charging a failure to ring a bell or sound a whistle, etc., by reason of which plaintiff was struck by the train, and the other charging neglect of the gateman to lower and close the gates at the crossing, by reason of which plaintiff was struck. No recovery could have been had except on the negligence charged in the declaration.

In *Camp Point Manf. Co.* v. *Ballou*, 71 Ill. 417, it appears that an instruction had been given at the instance of the plaintiff which did not restrict the right of recovery to such defects as had been particularly alleged. The court say (p. 419): "There was evidence given of several defects in the machinery not alleged in the declaration, and the instructions should have confined the right of recovery to the defect specified in the declaration. It is insisted that the error is obviated by other instructions for the plaintiff which predicate the right of recovery on the deceased having been killed by the defendant's negligence in manner and form as alleged in the declaration. But after having been instructed that the plaintiff might recover if the accident was caused by *any* defect in the machinery, the jury would not feel called upon to search through the various counts of the declaration to find out what particular defects were therein complained of. That would be unimportant, if there could be a recovery on account of any defect. Nor does defendant's instruction restricting the right of recovery to the causes of action alleged in the declaration cure the error."

In *Chicago and Alton Railroad Co.* v. *Mock,* 72 Ill. 141, this court held (p. 144): "The second and fifth instructions were further too broad in allowing a recovery for. negligence in general respects, without limitation to the particulars of negligence specified in the declaration."

Under the instruction as given, any negligence of defendant, such as the willful and unnecessary sounding of a whistle or permitting the escape of steam, whereby plaintiff's injury might have occurred, would have authorized a recovery. The fact that such instruction tended to mislead the jury is evidenced by certain remarks of counsel for plaintiff in argument, which are assigned as error here, by which it was intimated to the jury that even though plaintiff's buggy was not struck, a recovery should be had for frightening his horse and throwing him out. The instruction also states the rule, formerly existing, of comparative negligence, which has been held to be no longer the law of this State. (*City of Lanark* v. *Dougherty,* 153 Ill. 163; *Pennsylvania Coal Co.* v. *Kelly,* 156 id. 9.) That part of the instruction is by a majority of this court held, adversely to the views of the writer of this opinion, not to be reversible error.

Fourteen instructions were asked by defendant below, of which two only were given. Error is assigned in the refusal of the trial court to give certain of these instructions. The eighth instruction asked by defendant was, in substance, that the plaintiff must prove his case as set out in the declaration, and must prove, by a preponderance of the evidence, that the plaintiff was in the exercise of ordinary care and prudence. The instruction should have been given. It stated a correct proposition of law. In *Kepperly* v. *Ramsden,* 83 Ill. 354, this court said (p. 357): "Before any recovery can be had it is incumbent on plaintiff to show she had herself been in the observance of due care for her personal safety. That being the law, the court ought to have given the third instruction asked by the defendant, which declares the burden of

proving that fact was upon her. Other instructions given state the proposition she was bound to observe due or ordinary care, but none of them declare, as the law is, the burden of proving that fact is on the plaintiff." A full citation of the authorities on this question is to be found in *Calumet Iron and Steel Co.* v.*Martin*, 115 Ill. 358.

Other errors are assigned in giving and refusing instructions, which it is unnecessary to discuss in this opinion.

For the errors indicated, the judgments of the Appellate Court for the First District and of the Superior Court of Cook county are each reversed and the cause remanded.

*Reversed and remanded.*