80   223
180s  130

# West Chicago St. R. R. Co. v. Charles Musa.

1. Instructions—*As to Negligence—When Erroneous.*—An instruction which charges the jury that if they " should find from the evidence that the defendant has been guilty of negligence, and that such negligence caused the injury," their verdict should be for the plaintiff, in case the latter was in the exercise of reasonable and ordinary care, is erroneous, as the plaintiff is entitled to recover only in case the defendant has been guilty of the negligence charged in the declaration, and not negligence in general, and the instruction should have been so restricted.

2. Attorneys—*Improper Remarks of Counsel.*—Allusions of counsel to wealth and poverty are improper and a subsequent withdrawal has no specific efficacy; while not reversible error in this case, its probable effect upon the amount of the verdict is entitled to consideration.

3. Damages—*$2,500 Held Excessive.*—Where an injured person is able to earn the same wages shoveling coal as he earned before as a scavenger, $2,500 is excessive under the facts in the case.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed if remittitur is made, otherwise reversed and remanded. Opinion filed February 14, 1899.

Alexander Sullivan, attorney for appellant; Edward J. McArdle, of counsel.

The rules regarding instructions so far as they bear on this case are well settled. They must confine the plaintiff to the negligence charged. C., B. & Q. R. Co. v. Levy, 160 Ill. 385; C. & A. R. R. Co. v. Mock, Adm'r, 72 Ill. 141; L. S. & M. S. R. R. Co. v. Probeck, 33 Ill. App. 145; C., B. & Q. R. R. Co. v. Wells, 42 Ill. App. 26.

C. E. Cruikshank, attorney for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an action to recover damages for personal injuries. The negligence charged is that " the defendant carelessly operated its car, and struck with great force against " the

wagon which the plaintiff was driving, and that "plaintiff was thrown with great force and violence out of said wagon upon the ground."

The contention of the plaintiff is that he was driving in front of the car on the track upon which the latter was running.

The contention of the defendant is that the plaintiff was driving between the track and the street curbing, and that as the car approached him he suddenly pulled in toward the track, the car being so near that the motorman was unable to prevent the collision.

The plaintiff testifies that he was driving upon the track; that he "heard some one holler," and looked around; that he saw the car approaching and turned out of the track as quickly as he could; that before the hind wheel of his wagon could be gotten out of the way, the car struck with such force as to carry the wagon a long distance, tumble the whole "outfit," including the mules, into a ditch, and that the plaintiff was injured by being squeezed between the sideboards of his own wagon.

He says he was confined to his bed two months, and to the house four months. His arm is still somewhat stiff, and the evidence of one of the medical witnesses is that a "condition of atrophy of the muscle of the shoulder exists," and that "it will be some time, if he ever does recover the use of that joint," although he says he found no injury to the joint. The other physician says, "The joint seemed to be somewhat thickened." The injury was, in the opinion of the physician who attended him, a "fracture of the coracoid process of the scapula."

The evidence is contradictory as to whether the wagon was being driven on the track or outside of it when the car was approaching. . But the undisputed evidence that it was the rear end of the wagon which was struck and shoved ahead, would perhaps tend to substantiate the testimony of the plaintiff that he was pulling out of the way when struck and was not turning "in on the track," as the motorman testifies he was when the car was ten feet away; and might very well justify the jury in so believing. If the jury

West Chicago St. R. R. Co. v. Musa.

believed that the accident was occasioned by the failure of the motorman to check the speed of his car in time to allow the wagon to get out of the way, we can not say that under the evidence the plaintiff would not be entitled to recover.

If the jury were accurately instructed as to the law, no sufficient reason appears, we think, in this record to disturb a judgment in favor of the appellee.

The instructions, however, were not strictly accurate. The jury were instructed for the plaintiff that if they should " find from the evidence that the defendant has been guilty of negligence, and that such negligence caused the injury," their verdict should be for the plaintiff, in case the latter was in the exercise of reasonable and ordinary care.

The plaintiff is entitled to recover only in case the defendant has been guilty of the negligence charged in the declaration, not negligence in general, and the instruction should have been so restricted. N. C. St. Ry. Co. v. Cotton, 140 Ill. 486, 493; C. B. & Q. R. R. Co. v. Levy, 160 Ill. 385.

But there was no negligence charged in the declaration except that defendant carelessly operated its car as above stated, and no evidence offered as to any other negligence. There is no reason to conclude that the jury could have found defendant guilty of negligence other than that charged in the declaration, when none was in any way brought to their notice at the trial.

This error is not confined to the plaintiff's instruction. It is found in at least two of those given at the request of the defendant.

In the tenth of these instructions the language is " that the defendant or its servants were guilty of negligence, without which the injury in question would not have happened;" and in the twelfth the language is, " even if the jury believe from the evidence that the defendant was guilty of negligence, still if," etc.

It is evident, therefore, that the court and counsel on both sides had in mind only the negligence charged in the declaration. We find in the record no suggestion of any other.

The fifteenth instruction given at the request of the defendant, stated the law accurately in this respect. It told the jury that they could not consider the question of damages until they had first determined " whether the defendant was guilty of the negligence charged in the declaration."

Upon the whole case we are of the opinion that the jury were not misled by the inaccuracy complained of.

Objection is made to remarks of appellee's attorney in his address to the jury. The language used is certainly improper. It could be of no interest to any one but the attorney himself if he ever "swore," as he says he did, that he would " never refuse a case for a poor man." His client was entitled to recover, if at all, only upon the law and evidence, not because of poverty or wealth ; and such allusions are apparently intended to influence the jury by improper considerations. Objection was made to the language referred to, and sustained by the trial court, whereupon plaintiff's counsel said he withdrew it. But the mischief is done when such statements are made, and the mere statement, " I withdraw it," has no special efficacy. It is not, perhaps, reversible error in this case, although its probable effect upon the amount of the verdict is entitled to consideration.

Objections were made by appellant's counsel to other remarks of the attorney for appellee, but the objection was not pressed upon the attention of the judge and no ruling was obtained thereon. Such objections are ineffectual. N. C. St. R. R. Co. v. Shreve, 171 Ill. 438, 441.

The contention that the verdict is somewhat excessive is, we think, well taken. Appellee was employed as a scavenger, earning $1.50 a day when injured. He is now earning the same wages shoveling coal. His earning capacity is not, so far as appears from this evidence, diminished. Unless a remittitur of $500 is entered within ten days from the filing of this opinion, the judgment of the Superior Court will be reversed and the cause remanded. If the remittitur is made the judgment will be affirmed for the balance, at appellee's costs.