Alice McGinn *vs.* U. S. Finishing Company.

PROVIDENCE—MARCH 24, 1905.

Present: Douglas, C. J., and Dubois, J.

(1)  *Master and Servant.  Pleading.  Variance.*

In an action for negligence by servant against master for injuries arising out of defects in machine, where the declaration sets out the negligence in certain particulars, negligence in these particulars must be proven to sustain the action.

Trespass on the Case for negligence.  Heard on petition of defendant for new trial, and petition granted.

Douglas, C. J.  The plaintiff was employed by the defendant to operate a hooking machine and to inspect the cloth as the machine displayed it before her, and to mark the defects which she discovered with bits of rag.  In this inspection it was necessary to stop the machine whenever a defect in the cloth was noticed.  The power was communicated to the machine by means of a belt running upon a fixed pulley at the left side, and the machine was stopped by shifting the belt from the fixed pulley upon a loose pulley hung upon the same shaft.  This change was effected by means of a shipper which was moved by a rod extending across beneath the table of the machine to the right side, where it was attached to a lever within reach of the operator.

The declaration alleged that at the time of the accident the shipper had become so worn that the belt would shift from the loose pulley to the tight one and thereby start up the machine without any notice or warning, all of which the defendant well knew, but of which the plaintiff was wholly ignorant; and that while the plaintiff was employed upon the machine, as aforesaid, "said machine, by reason of its shipper being worn out and out of repair, started up without notice or warning to the plaintiff and caught the hand of said plaintiff, crushing the same, jamming her fingers, and inflicting permanent injuries to her hand and fingers."

The plaintiff introduced evidence at the trial to the effect that without any movement of the lever, and while she was engaged in marking the cloth before her, the belt shifted to the fixed pulley, the machine started, and her hand was caught by a rod or jaw, which formed part of the mechanism, and was held against the frame or table until she was released by a workman who was near by.  Evidence was also introduced to the effect that the machine had started automatically at other times and that this fact had been reported to the superintendent and repairs had been made.  This evidence was contradicted by witnesses for the defence, and evidence was also introduced to

prove that the lever .was so rigidly connected with the shipper that the belt could not shift unless the lever was moved over.

At the conclusion of the plaintiff's evidence the defendant's counsel moved for a nonsuit on the ground ·that there was no evidence that the shipper was worn or defective; and again at the close of the evidence the defendant's counsel moved the court to direct a verdict for the defendant on the same ground, and to the denial of this latter motion exception was duly taken.

The case was given to the jury, who returned a verdict for the plaintiff for $1,500; and the defendant now petitions for a new trial on the ground of the alleged variance between the declaration and the proof, because the verdict is against the weight of the evidence, and because the damages are excessive.

(1) The first· of these grounds is sustained by the fact, and we think must prevail in law. There is no evidence in the case that the particular defect existed which is alleged as the cause of the accident. The plaintiff cites many authorities to the propositions that a defective declaration may be cured by verdict and that in many cases it is not incumbent upon a plaintiff who is injured by defective machinery to allege or prove the specific defect if he shows that the accident is one which could not have occurred unless from some cause which involves· negligence on the part of the defendant; but these principles are no answer to the,rule that if the plaintiff alleges in the declaration negligence in certain particulars as the sole foundation of the action, negligence in these particulars must be proven to sustain the action. 22 Ency. Pl. & P. 568.

This rule is based upon the elementary principle of law which requires that a party plaintiff must state his case and prove it as stated in all substantial particulars. "If the very ground of the action be misstated," says Chitty, "that will be fatal, for then the case declared on is different from that which is proved, and the plaintiff must recover *secundum allegata et probata.*" I Ch. Pl. 13th Am. ed. * 229.

The defendant has cited several cases involving alleged negligence in which this principle has been applied. In *Camp Point Mfg. Co. v Ballou,* 71 Ill. 417, the headnote is as follows:

"In an action against the employer for an injury sustained by an employee, by reason of defective machinery provided by the employer, the right of recovery is confined to the defects specified in the declaration; and it is error to instruct the jury that the plaintiff is entitled to recover, if the injury was caused by *any* defect or insufficiency of the machinery."

In *Arcade File Works* v. *Juteau*, 15 Ind. App. Ct. 460, 470, the court say: "The jury also find that the defect in the machine which caused the injury was not that the 'groove or slot' was worn out, as alleged in the complaint, but that the 'lower rubber on file plate' was packed too high, thereby forcing the strap off the file plate at the bottom. . . . The appellant objected, at the proper time, to the plaintiff (appellee) making proof of a defect in the machine which caused his injury, different from that alleged in the complaint, but the court overruled this objection, and permitted the proof to be made. No amendment of the complaint was made to conform to the proof.

"It is well settled, by many authorities, that the plaintiff, in order to be entitled to recover, must prove all the material allegations of his complaint, and he can not recover upon a state of facts which, although they make a case, are different from those alleged" (quoting many Indiana cases and the following from *Boardman* v. *Griffin*, 52 Ind. 101). " 'The parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata*, or not at all. It must be so in the nature of things, so long as our mode of administering justice prevails. It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his grounds of defence, if, on the trial, either or both might abandon such grounds and recover upon others which are substantially different from those alleged.' "

In *East Tennessee, &c. Railroad Co.* v. *Lindamood*, 78 S. W. Rep. 99, a brakeman suing for injuries alleged that the brake he was trying to set was defective, in that the brake chain was too long, and, in a second count, that the deadwood in the car projected against the brake rod and eyebolt so as to prevent it from turning freely. His proof showed that when he attempted

to set the brake it gave a sudden jerk or lurch forward, which loosened his hold on it so that he fell, but there was no evidence as to the nature of the defect occasioning the lurch. The defendant railroad company requested instructions that, if the jury were not able to determine which of the two defects alleged caused the injury, plaintiff could not recover; that it was presumed that the company had provided suitable appliances and kept them in proper condition, the burden being on the plaintiff to show the contrary; and that it was presumed that, if the car was in good repair before the accident, it continued in like good condition to the time of the accident, the burden being on the plaintiff to show the contrary; and it was held that the refusal of these requests was error, though the court gave some general rules, correct in themselves, but embodied in a charge which embraced much other matter.

Following these cases upon the point to which they are cited, and without deciding whether the preponderance of evidence makes out a case for the plaintiff different from the one set forth, we grant the petition for a new trial and remand the case to the Common Pleas Division for further proceedings.

*Peter J. Quinn and James F. Murphy,* for plaintiff.

*Comstock & Gardner, and William W. Moss,* for defendant.