John Riley, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 15,433.

INSTRUCTIONS—*when upon question of negligence erroneous. Held*, that the following language, "and that as a direct result of such negligent management of the car, if such there was, the car ran into and struck the wagon on said crossing," was improper in that the instruction did not specify the particular acts of mismanagement which were relied upon in the declaration.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed May 5, 1911.

Statement by the Court. Appellee was injured in July, 1906, in a collision between a wagon, in which he was riding, and an electric car of appellant, at or near the intersection of Twenty-third street and State street. State street runs north and south, and has upon it a double-track car line; the southbound cars run on the west track, and the northbound cars on the east track. Appellee was driving east on Twenty-third street. He had a loaded wagon, the load consisting of ten barrels of soda ash, aggregating 3,300 pounds in weight. The car which struck the wagon was on the west track going south. There was a conflict in the testimony as to just where the accident occurred. Ap-

pellee testified that he knew there was a car going south on the west track; that he started to turn north on State street and when he got across all the tracks but one the collision occurred. On the part of the appellant there was testimony to the effect that appellee after leaving Twenty-third street drove north in State street a considerable distance; that when, the car was forty or fifty feet from him he suddenly turned his horse to the east and attempted to drive across the track.

There was a trial before a court and jury, resulting in a verdict of $2,000, on which judgment was rendered.

JOHN E. KEHOE and WATSON J. FERRY, for appellant.

SEARS, ROOS & BOEGER and LAWRENCE W. POTTER, for appellee; QUIN O'BRIEN, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

We are asked to reverse the judgment on the grounds, first, that it was against the weight of the evidence; second, that improper instructions were given; and third, because the damages are excessive.

We have carefully examined the record, and feel that the case was properly tried and properly submitted to the jury excepting as to one instruction given on behalf of the appellee, which was as follows:

"The court instructs you that the defendant in running its street car has no better or greater right to use the street or the tracks on the crossing of State street and Twenty-third street than the plaintiff, John Riley, had to use them. Their rights there in that regard were equal and they each owed to each other the duty to exercise reasonable care and caution to avoid a collision and injury. Therefore, if you believe from the evidence that the accident happened on the public crossing of those streets, and that in driving on the

crossing and across the track in question the plaintiff was exercising ordinary care and the defendant by its servants in charge of the car failed to exercise reasonable care to avoid injuring the plaintiff, and that as a result of such negligent management of the car, if such there was, the car ran into and struck the wagon on said crossing and thereby injured plaintiff without his fault, then you should find the defendant guilty.''

In the case of Ratner v. Chicago City Ry. Co., 233 Ill. 169, the following instruction was complained of:

''If you shall believe, from all the evidence in this case, that on the 15th day of May, 1903, the plaintiff became a passenger upon a car of the defendant, the Chicago City Railway Company; that the plaintiff was in the exercise of ordinary care and caution for his own safety; that a collision occurred between said car and a wagon on the track of the defendant; that the plaintiff was injured by such collision, and that the defendant, the Chicago City Railway Company, could have avoided such collision by the exercise of the highest degree of care consistent with the practical operation of the road, then you should find the defendant, the Chicago City Railway Company, guilty.''

The Supreme Court say:

''It is urged that this instruction is erroneous because it does not limit the negligence of the defendant to that charged in the declaration. Without question the instruction tells the jury that the appellant company would be held liable if it was guilty of negligence under the circumstances in the instruction, whether it was charged in the declaration or not. It is elementary that recovery can only be had on the negligence charged in the declaration. (Crane Co. v. Hogan, 228 Ill. 338). In Chicago, Burlington and Quincy Railroad Co. v. Levy, 160 Ill. 385, it was held that an instruction, in an action for personal injuries, allowing recovery if the defendant 'was guilty of negligence contributing to the injury' was erroneous, as failing to confine the recovery to the particular negligence alleged in the declaration. In Camp Point Manf. Co. v. Ballou, 71 Ill. 417, in an action for an injury sustained by reason of certain named defective machinery, it

was held that the right of recovery must be confined to accidents occurring from the defects specified in the declaration, and that it was error to instruct the jury that the plaintiff was entitled to recover for those arising from any defect in the machinery. In Chicago and Alton Railroad Co. v. Rayburn, 153 Ill. 290, this court held that an instruction was erroneous which permitted a verdict upon negligence not charged in the declaration.

"Appellee, however, contends that the error of this instruction, if any, was cured by the series of instructions given for appellant, which most fully covered the question. The same argument was made in the Levy and Ballou cases, *supra,* and in both those cases it was held that the other instructions given for the defendant restricted the recovery to the cause of action alleged in the declaration and did not cure the error. This instruction substantially directed a verdict. While it is not required that one instruction should state all the law, and instructions may supplement each other, yet when an instruction directs a verdict it should state all the essential facts and conditions. (Pardridge v. Cutler, 168 Ill. 504; Illinois Central Railroad Co. v. Smith, 208 *id.* 608; Illinois Iron and Metal Co. v. Weber, 196 *id.* 526). The giving of this instruction was error."

It is urged by the appellee in the case before us that because the instruction given contained these words, "and *that as a direct result of such negligent management of the car, if such there was, the car ran into and struck the wagon on said crossing,*" etc., the instruction is not erroneous as containing the vice stated by the Supreme Court to have been in the instruction given in the case of Ratner v. Chicago City Ry. Co., *supra.*

The first count of the plaintiff's declaration charges negligence as follows:

"The defendant then and there by its servants so carelessly and improperly drove and managed the said motor-car that by or through the negligence, misman-agement and unskillfulness of the defendant by its serv-

ants in that behalf, the said motor and train of cars then and there ran into and struck the said wagon," etc.

In the second count it is alleged:

"It then and there became and was the duty of said defendant to use by its servants and agents in that behalf ordinary care toward affording plaintiff time and opportunity to cross said State street, and therein said defendant did by its servants and agents make default and carelessly and negligently cause said car to be run at a rapid rate of speed without warning, so carelessly and improperly drove and managed the said motor-car that by or through the negligence, mismanagement and unskillfulness of the defendant by its servants and agents in that behalf the said motor-car then and there ran into and struck with great force and violence upon and against said wagon," etc.

It will be noted that the instruction does not give the particular acts in the mismanagement of the car which the jury must find the defendant to have been guilty of; that is to say, that the car was running at too rapid a rate of speed, or that no warning was given, or that the motorman did not use skill in applying the brakes or in doing or omitting to do some other act that might have prevented the accident.   In the case of Pardridge v. Cutler, 168 Ill. 504, the Supreme Court stated:

"But if an instruction directs a verdict for either party, or amounts to such a direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed."

The instruction before us does not pretend to set out the facts which the jury must find in order to come to the conclusion that the negligence averred in the declaration was proven.   While the point is perhaps technical, we are convinced that under these decisions of our Supreme Court the instruction is bad, and that it would be so held by the Supreme Court if the case were presented to that tribunal.

*Reversed and remanded.*