## John Cichowicz

### *v.*

## The International Packing Company.

*Opinion filed December 16, 1903.*

1. MASTER AND SERVANT—*when servant cannot hold master liable.* If a servant, knowing the hazards of his employment as the particular business is conducted, is injured while engaged therein, he cannot hold the master liable solely upon the ground there was a safer mode of conducting the business.

2. SAME—*when servant assumes the risk involved.* A servant who knows there are dangerous defects in the premises where he works and yet makes no complaint and does not ask for the repairs necessary for his safety assumes the risk involved, whether he acquired the knowledge before or after he entered the service.

3. SAME—*the doctrine of assumed risk does not depend upon servant's care or want of care.* The doctrine of assumed risk does not depend

upon the servant's care or want of care, but grows out of the contract of employment or continuance in the service with knowledge of the defect and without objection. ·

4. SAME—*when the Appellate Court's finding is conclusive against a recovery.* A finding by the Appellate Court, in its judgment reversing a judgment recovered by a servant for injuries received from falling into a catch-basin, that for years prior to the time of the accident the plaintiff knew the condition of the catch-basin and its covers, and that without any order or direction and without any necessity he attempted to pass over the catch-basin, and that he voluntarily assumed the risk, is conclusive against recovery.

*International Packing Co.* v. *Cichowicz*, 107 Ill. App. 234, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

DAVID K. TONE, and H. M. ASHTON, for appellant.

FRANK J. CANTY, and AMERICUS B. MELVILLE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant fell into a catch-basin containing hot water and grease in the packing house of appellee, in the city of Chicago, in which he was employed. He was scalded, and brought this suit in the superior court of Cook county to recover his damages, charging appellee, in the various counts of his declaration, with negligently removing, or permitting to be removed, the lids or coverings from the catch-basin and permitting it to remain open; with failing to inspect the premises for the purpose of seeing that the catch-basin was properly covered, and with permitting it to remain unguarded and without a cover. Appellee pleaded the general issue.

Appellant was the only witness to the accident, and testified on the trial that he had worked in the packing house six or seven years; that the catch-basin was four

by five feet in dimensions and about three feet deep; that it was partially covered by boards or lids about a foot wide,—one on the south side and one on the north side,—and between these there was an open space; that one of his duties was to skim from the catch-basin the grease, which was put in barrels standing near by; that when skimming the grease off the surface of the water he took the lids off and after skimming replaced them, but the place in the middle was always open; that during the six years he had worked there he had gone across the catch-basin five or six times a day; that at the time of the accident there were small electric lights and there was a good deal of steam, and that he walked over the catch-basin, and in attempting to step over the open center to the board, which was further south, the board tilted and he fell in. There was another way to go to the vat, which was not dangerous. He obtained a verdict and judgment, and the judgment was reversed by the Appellate Court for the First District.

The Appellate Court incorporated in its judgment the following finding of facts: "The court finds that for years prior to the time of the accident the defendant in error knew and was thoroughly familiar with the condition of the catch-basin in question and its lids or covers, and that without any order or direction, and without any necessity therefor, he attempted to pass over said catch-basin, and that he voluntarily assumed the risk of the condition of the catch-basin and of its lids or covers and of passing over the catch-basin." From the judgment of the Appellate Court this appeal was prosecuted.

Counsel for appellant understand that the finding of facts by the Appellate Court is binding upon us and that we can only decide whether the law was correctly applied by that court to the facts as found, but they contend that the court erred in its application of law to such facts for the following reasons: The judgment contains no finding that appellant was guilty of any want of ordi-

nary care for his own safety, or that he knew and appreciated the danger to which he was exposed by reason of the condition of the catch-basin, which the court found that he knew and was familiar with, and it is contended both of these facts were necessary to defeat the action. The argument is, that inasmuch as the evidence tended to show the appellee to be guilty of negligence, appellant did not assume any risk occasioned by such negligence unless he was guilty of a want of ordinary care for his own safety, and that, although he knew of the condition of the catch-basin and of the defect in the place where he was working, he did not assume the risk unless he knew, or in the exercise of ordinary care could have known, of the danger to which he was thereby exposed.

It is the long established and often repeated rule of law that every person may choose his own appliances and conduct his business in his own way, provided he does not violate the law of the land, although another method and other appliances might be less hazardous, and if a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he cannot maintain an action against his master for the injury merely on the ground that there was a safer mode in which the business might have been conducted. A servant who knows that there are dangerous defects on premises where he works and does not make complaint and ask for repairs or improvements necessary for his safety assumes the risk involved, whether he acquires the knowledge before he enters the service or afterward. In either case he cannot continue in the employment and encounter the dangers without complaint or any assurance of safety or promise to repair or remedy the defect, and in case of injury hold his master liable. (*Camp Point Manf. Co.* v. *Ballou*, 71 Ill. 417; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340; *Herdman-Harrison Milling Co.* v. *Spehr*, 145 id. 329; *Swift & Co.* v. *O'Neill*, 187 id. 337; Bailey on Masters' Liability for Injuries to Servants, 197;

1 Shearman & Redfield on Law of Negligence—4th ed.— sec. 209.) In *Browne* v. *Siegel, Cooper & Co.* 191 Ill. 226, it was said that even if the master failed in his duty to furnish the servant a place ordinarily safe in which to work, and there are to the knowledge of the servant defects which render their use hazardous, he is held to have assumed the risk, for he cannot go on, with knowledge of the danger, without complaint until he is injured and then hold the master liable.   This rule does not depend upon the care or want of care of the servant, but grows out of the contract of employment or continuance in the service with knowledge of the defect and without objection.  *Chicago and Eastern Illinois Railroad Co.* v. *Heerey*, 203 Ill. 492; Cooley on Torts, 541.

In another sense the servant does not assume the risks arising from the negligence of the master.   The master assumes the obligation of exercising ordinary care that the business, by the method adopted, and the buildings, machinery and appliances in use, shall not cause injury to a servant who is guilty of no neglect of prudence on his part.   The master may be liable for his own negligence in exposing the servant to dangers of which he did not know and which he had no reason to look for, or in neglecting to use ordinary prudence in inspecting and discovering defects where machinery or appliances are liable to become defective, or in negligently ordering the servant into danger.   The servant does not assume the risks arising from such acts of negligence, and may recover for an injury resulting therefrom if he has not been guilty of any want of ordinary care on his own part.   In *Chicago and Alton Railroad Co.* v. *House*, 172 Ill. 601, the cause of danger was unknown to the servant and resulted from negligence of the master.   In *Western Stone Co.* v. *Muscial*, 196 Ill. 382, there was evidence of an order by the foreman to work in a dangerous place and the servant obeyed the command.   The question was whether the servant was guilty of negli-

gence or whether he acted as a reasonably prudent person would, in view of the command and the duty of obedience. In *Swift & Co.* v. *O'Neill, supra,* there was a promise to remedy the defect complained of, and in such a case the servant is only barred by his own contributory negligence. If the risk is no greater than that under which a prudent person would continue the employment, he may recover in case of injury. Where the question is one of negligence on the part of the servant, then the rule is that he must not only know of the defect but know that it renders the employment dangerous. (*Union Show Case Co.* v. *Blindauer,* 175 Ill. 325; *Chicago and Eastern Illinois Railroad Co.* v. *Knapp,* 176 id. 127.) No such question is involved in this case. The condition of the catch-basin and its covers had been the same during his long employment, and the finding of the Appellate Court is, that for years prior to the accident he knew and was entirely familiar with the condition of the catch-basin and its lids or covers, and without any order or direction or any necessity attempted to pass over it. To say that the servant assumes no risks except such as cannot be obviated by the adoption of reasonable measures of precaution by the master is to abolish the doctrine altogether. Under such a rule the master is liable in every case where he has been negligent, although the servant knows of the danger and voluntarily encounters it without objection, and if the master has been guilty of no negligence he has a complete defense, regardless of any question of the assumption of risk by the servant. Counsel do not contend that the doctrine of assumed risk has been abolished, but in effect insist that every case is excepted from its operation. The facts found in the Appellate Court are conclusive against the right to recover.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*