McCormick Harvesting Machine Co. v. Wojciechowski.

---

McCormick Harvesting Machine Company v. Casimir Wojciechowski.

Gen. No. 10,900.

1. MASTER—*duty of, to furnish reasonably safe machinery, etc.* It is the duty of the master to exercise ordinary care in furnishing to his servants reasonably safe machinery, means and appliances for doing their work, and a servant has a right to assume that this duty has been performed.

2. ASSUMED RISKS—*what are.* Where the master fails to exercise ordinary care in furnishing to his servants reasonably safe machinery for doing their work, yet, where the defects therein which rendered their use dangerous are so obvious and apparent that a servant must have been cognizant of their existence and of the danger resulting from the use of the defective machinery, and such servant, notwithstanding, continues in the work without complaint, he assumes the risk and cannot hold the master for injuries thus brought about.

3. ASSUMED RISK—*when rule exempting servant from, does not apply.*
The rule exempting a servant from assuming the risk of a defect which
the master had promised to repair, does not apply to ordinary labor
which requires the use of only common implements with which the
servant is entirely familiar.

Action for personal injuries. Appeal from the Circuit Court of Cook
County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in
the Branch Appellate Court at the October term, 1902. Reversed.
Opinion filed January 19, 1904.

W. T. UNDERWOOD, for appellant.

DAVID, SMULSKI & McGAFFEY, for appellee.

**Statement by the Court.** For injuries sustained by him
while in its employ, appellee recovered against appellant a
judgment for two thousand dollars from which this appeal
is taken.

Appellee was one of four men engaged in unloading pig
and sprue iron from a truck or car, and throwing it into a
cupola nearby to be melted. This had been his business
for about three years during which he did the same work
all the time. The cars were brought up on elevators from
below to the floor where the cupola was situated, and were
then pushed over and unloaded near the cupola. The pig
iron was on the top of the cars, and the sprue iron on the
bottom. Each car was about two feet and nine inches
wide, four feet long, and without a load, about two feet
high. When loaded, some were over five feet and some
less. Each car contained about two tons of iron. The pieces
of pig iron weighed from 100 to 200 pounds and were two
feet long, more or less. Sprue iron is broken off from the
castings, and the pieces varied in weight from half a pound
to fifteen.

Appellee's account of the way in which he was injured is
as follows: " I started to work and took off some of the
pig iron and threw it in. When we got the pig iron off we
started on the sprue at the bottom. As soon as we started,
the bunch dropped down to the ground where I was work-
ing; I cannot tell how many pieces but there was a good
many. * * * I was just trying to take off a piece of

sprue. Some of them fell off and struck my leg" and cut the skin and veins above his ankle.

The cars were of two kinds. Most of them had sideboards; but some, about seven or eight, had not. The car upon which appellee was working at the time of the accident had no sideboards.

The declaration consists of two counts. One charges the breach of appellant's duty to load the cars in a compact, safe and careful manner. There was no proof of the breach other than the happening of the accident itself. The other charges a duty of appellant to provide its cars with sideboards or other proper appliances for holding the iron on the cars.

MR. JUSTICE STEIN delivered the opinion of the court.

It is the duty of the master to exercise ordinary care in furnishing to his servant reasonably safe machinery, means and appliances for doing his work, and the servant has a right to assume that this duty has been performed. But even if the master fails in such duty, yet where the defects in the machinery, means and appliances which render their use dangerous, are so obvious and apparent that the servant must have become cognizant of their existence and of the danger resulting from the use of the defective machinery, and the servant nevertheless continues in the work without complaint, he assumes the risk and cannot hold the master for injuries thus brought about. This rule has been declared so often by the Supreme Court that it is probably quite unnecessary to cite the following cases : Manfg. Co. v. Ballou, 71 Ill. 417; S. L. & S. R. R. Co. v. Britz, 72 Ill. 256; C. & A. R. R. Co. v. Munroe, 85 Ill. 25; T. W. & W. R. R. Co. v. Black, 88 Ill. 112; L. E. & W. R. Co. v. Wilson, 189 Ill. 89; Brown v. Siegel, 191 Ill. 226; Cichowicz v. Packing Co., 206 Ill. 346.

Disregarding the testimony of appellant's witnesses, it clearly appears from that of appellee that he knew and must have known and understood the risks and dangers of the work he had been doing in the same way for three years. His work was and always had been to unload cars loaded

with iron of the same general size and character. He had many times seen the cars loaded in the department below. The car he was unloading when injured was loaded in the usual way. There was nothing to prevent him from seeing that it had no sideboards, and he knew or must have known that some of the cars were not provided with any. He does not nor does any other witness testify that there was more danger in unloading a car without sideboards than one with them, and there is much testimony to the effect that their presence or absence made no difference in that regard. Indeed, several witnesses said that the work of unloading was more easily and efficiently performed upon a car having no sideboards.

Appellee had full and abundant opportunity to familiarize himself with the risks of the situation. The one by which he was injured was one of those ordinarily incident to his employment and the work he was performing. It was obvious and apparent to him and all others engaged in the same line of employment. He is not shown to have ever made any complaint or to have objected to the use of the cars; and even if he had it would not have availed him. In Webster Manufacturing Co. v. Nisbett, 205 Ill. 273, it was held that the rule exempting a servant from assuming the risk of a defect which the master had promised to repair, does not apply to ordinary labor which requires the use of only common implements with which the servant is entirely familiar. In that case the plaintiff was injured by a small particle of steel flying into his eye from a back-hammer which had become chipped and out of repair. So here there is an utter absence of evidence tending to prove that the conditions under which appellee was working were intricate or difficult to be understood. There was no complicated machinery or appliances, and appellee had as full and complete knowledge of his work, the mode of doing it, and the risks incident thereto as appellant, his master.

In our opinion the case is plainly one of assumed risk, barring appellee from a recovery.

The judgment is reversed with a finding of facts.

*Reversed.*