## St. Louis National Stock Yards v. Charles B. Morris.

1. ASSUMED RISK—*how doctrine of, arises.* The doctrine of assumed risk grows out of the contractual relation of the parties. The ordinary incidental hazards of the business are presumed to be in the minds of the parties to the contract of employment, and in an action on the case for damages the servant will be held to have assumed the risk of such hazards and in such case will not be heard to say that he was ignorant of the danger.

2. ASSUMED RISK—*what dangers are within doctrine of.* In addition to hazards ordinarily incidental to the business, the servant is held to have assumed the risk of all danger apparent or within his knowledge

by direct notice or otherwise, even though the circumstance or condition of danger is caused by the master's negligence.

3. ASSUMED RISK—*what dangers are within doctrine of.* If, by negligent act or omission of the master, the danger of the servant's occupation is enhanced, and with knowledge and appreciation of the added risk he voluntarily continues in the service, he may not recover for injuries caused by such act or omission.

4. VICIOUS ANIMAL—*what essential to recover for injury resulting from.* Where the servant of the owner of such an animal sues for injuries resulting therefrom, his lack of knowledge of the viciousness of such an animal is an essential element to his cause which must be established by proof.

Action on the case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed September 9, 1904.

M. W. SCHAEFER, for appellant.

D. J. SULLIVAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case for personal injury, alleged to be due to appellant's negligence.

The declaration contains two counts, to which the defendant pleaded not guilty. Trial by jury. Verdict and judgment in favor of plaintiff for $1,500. Appeal by defendant.

For our purpose in discussing the errors assigned, the cause of action sufficiently appears from a reading of the first count, the substance of which is, " that defendant, on the 13th day of October, 1902, had and kept in its possession, after having notice of its vicious propensities, a certain vicious horse, which was in the habit of attacking and kicking persons who happened to come near it; that plaintiff was, on said day, a servant of the defendant, and in the performance of his duties as such servant, it became necessary for him to enter the stall where said horse was kept; that plaintiff having no notice of the viciousness of said horse, did on said day, enter the stall of the said horse, using due care, and was then and there attacked, kicked and injured by the said horse."

Error is assigned upon the refusal of the court to give

one instruction and the modification of another of those offered by defendant, the appellant; and also upon the giving of the two instructions offered in behalf of the plaintiff, the appellee. The error in appellee's first instruction is decisive of this appeal. We comment upon the evidence only so far as necessary in discussing the question raised by argument of counsel. The instruction is as follows:

" The court instructs you that if you believe from a preponderance of the evidence that the horse that injured plaintiff was at the time of said injury in possession of the defendant, and that said horse was vicious and accustomed to kick persons who should come near it, and that said viciousness was known to defendant prior to plaintiff's injury; and if you further find, from a preponderance of the evidence, that plaintiff, while in the employ of the defendant, and while attempting to enter the stall of said horse in line of his duty, and while exercising due care for his own safety was kicked and injured by said horse, as charged in the declaration, because of the viciousness of said horse, then your verdict should be for the plaintiff."

Under the issues made by the pleadings and the circumstances shown by the evidence, it was necessary to prove, and for the jury to find, that the plaintiff did not know or suspicion, as the term may be applied in this case, the vicious propensities of the horse. If he knew, or if from the nature of the business and his experience, as shown by the evidence, he should have known that the horse was vicious, or *suspected*, he may not recover. The servant assumes the risks incidental to the business for which he is employed. There is no dispute here as to that proposition. In addition to hazards ordinarily incidental to the business, he is held to assume the risk of all danger apparent or within his knowledge, by direct notice or otherwise, even though the circumstance or condition of danger is caused by the master's negligence. C. & E. I. R. R. Co. v. Geary, 110 Ill. 383; Cichowicz v. I. P. Co., 206 Ill. 346. The doctrine of assumed risk grows out of the contractual relation of the parties. The ordinary incidental hazards of the business are presumed to be in the minds of the parties to the contract of employment, and in an action on the case for dam-

ages the servant will be held to have assumed the risk of such hazards, and in such case will not be heard to say that he was ignorant of the danger. If, by negligent act or omission of the master, the danger of his occupation is enhanced, and with knowledge and appreciation of the added risk he voluntarily continues in the service, he may not recover for injuries caused by such act or omission. Browne v. Siegel, Cooper & Co., 191 Ill. 226. The often-repeated and well-established proposition that the servant assumes only the ordinary risks incident to the business, applies in cases where the question of ordinary and incidental risk alone is involved; but when, as under the evidence in this case, the contention is made that the plaintiff knew or must have known the circumstances or condition from which he suffered, though extraordinary and unusual, and that by reason of such knowledge he assumed the risk, it will be found that the cases referred to have only analogous application. It is the duty of the master to use reasonable care to protect his servants from extra hazards; at the same time the master may not be held to legal liability for such extra hazard if the servant, with knowledge and appreciation of the danger, exposes himself to injury; he will be held to have assumed the risk. In this case it is established that danger from a kicking and vicious horse was incidental to the business and employment of appellee. Furthermore, there is evidence tending to prove that this horse was tied to the side of the stall; that this indicated to employees that the animal was under *suspicion*, and that the manner of tying the horse was understood by them as notice and warning of the danger in going into the stall, as did the plaintiff. In the exercise of ordinary care, it appears from the evidence to have been the duty of the plaintiff to ascertain, before he entered the stall, the peculiar fastening of the horse, for by this his vicious disposition would be known. If this was his duty, and the jury so believed, they should have held, under proper instruction, that the danger was open and apparent, which he would have known by the exercise of ordinary care, and

that the risk was voluntarily assumed.   It is not intended to assert that plaintiff is held to the exercise of ordinary care in search of hazards caused by the negligence of the defendant; on the contrary, he may rest in the presumption that the plaintiff will not be negligent; but if in the exercise of ordinary care in the line of his duty, the danger would have been discovered in time to avoid it, then he may be held to have had notice by which the defendant would be relieved from the consequence of the negligence charged. In Browne v. Siegel, Cooper & Co., *supra*, it is said: "Even if the master failed in his duty to furnish the servant a place ordinarily safe in which to work, and there are to the knowledge of the servant defects which render their use hazardous, he is held to have assumed the risk, for he cannot go on, with knowledge of the danger, without complaint until he is injured, and then hold the master liable." The allegation that plaintiff did not know the vicious disposition of the horse was a material part of the declaration requiring proof.   By the plea and under the circumstances shown in the evidence, this became a controlling issue. Whether or not the plaintiff knew, or under the evidence may be held to have known the vicious disposition of the horse by which he was injured, is a vital question in determining the merits of this case.   It was withheld from the jury by the plaintiff's first given instruction, which purported to recite all the facts necessary under the law to authorize a recovery.   Muren Coal & Ice Co. v. Howell, 107 App. 9, and Springfield Ry. Co. v. Hoeffner, 175 Ill. 634, cited by appellee in justification of the instruction, are without application in this case, for the reasons already stated.   In those cases, using the language of the opinion in Muren C. & I. Co. v. Howell, "the element of assumed risk *incidental* to the employment is not involved in appellee's theory of the case," and that is the contention of appellee here.   In the application of the doctrine of assumed risk we distinguish between that which is ordinary and incidental to the business, from that which is outside and extraordinary, and which, by reason of prior knowledge,

may be assumed. The second of appellee's instructions was defective and subject to the objection made by appellant, qualified, however, in the use and application of the term, "reasonable care," to accord with this opinion. It was not prejudicial error to refuse appellant's instruction of which complaint is made. The instruction modified might have been refused without error. The modification was not prejudicial error.

For the errors discussed, the judgment of the City Court will be reversed and the cause remanded.

*Reversed and remanded.*