## SERVANTS ASSUME RISK OF INJURY FROM SIMPLE APPLIANCES.

Common Pleas Court of Lorain County.

McGILL v. CLEVELAND & SOUTHWESTERN TRACTION CO.

Decided, June 5, 1907.

*Master and Servant—Assumed Risk—Promise to Supply New Instrumentality Equivalent to Promise to Remedy Defect—Application of Promise to Simple Tools and Appliances.*

1. A promise by a master to supply a new instrumentality in place of one from which the servant apprehends danger is of the same effect in law as a promise to repair a defect in an existing instrumentality, the use of which is to be continued.

2. But in the case of simple tools and portable appliances (such as a step-ladder), where obvious defects are as perfectly understood by the servant as the master, the risk from their further use is assumed; and a promise to repair or replace such a defective tool or appliance, as distinguished from intricate machinery, the use of which requires great skill and care, does not shift the assumption of the risk from the servant to the master.

*Skiles, Green & Skiles, L. Stroup* and *L. B. Fauver,* for plaintiff.

*E. G. & H. C. Johnson,* contra.

---

* Affirmed by the Circuit Court of Lorain county, September 27, 1907, in the following memorandum opinion:

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The judgment below is sustained by the overwhelming weight of authority. One Kentucky case alone supports the contrary view found in 1 Labatt, Mas. & Serv., 419. Though not unimpressed by that writer's doubts concerning the soundness of the general rule, we follow the authorities in holding that ordinarily an employe is conclusively presumed to know the manifest defects of hand tools and other simple portable appliances which he handles and uses, and because he can accurately estimate and easily avoid or remedy the danger therefrom, a promise by the employer to repair or replace such objects can not ordinarily be deemed to imply that the assumption of risk from defects complained of has shifted from the employe to the employer. A common step-ladder is within this rule. The judgment below is affirmed.

WASHBURN, J.

This case has been submitted to the court upon demurrer to the petition. The petition alleges in substance that the plaintiff was working for the defendant and that it was his duty, among other things, to wash the windows of the cars of the defendant, and that the defendant furnished him with a step-ladder for that purpose. And then he avers that:

"Some days prior to the twenty-third day of October, 1906, plaintiff discovered that said ladder which the defendant had furnished to him to use while performing his duties as aforesaid had become old, worn and defective to such an extent that the same was unfit for plaintiff to use in connection with his said work in that the steps of the step-ladder were loose and worn and the iron braces holding said steps to the side posts of said ladder were loose, broken and defective."

Then follows an allegation that soon after discovering the condition of said step-ladder the plaintiff complained to his foreman "of the defective and dangerous condition of said ladder" and that said foreman promised to replace said ladder with a new and proper one.

There is a further allegation that along about the same time the plaintiff complained to the master mechanic of the defendant company "of the defective and dangerous condition of said ladder" and that the master mechanic promised and assured plaintiff that he would be furnished with a new, sufficient and proper ladder with which to perform his work as soon as the same could be made; that he should use said ladder until a new ladder was furnished. There is also an allegation that the plaintiff relied upon the defendant's fulfilling its said promise and that he continued to perform his labor as directed by his foreman; that his foreman directed him to clean the windows on the outside of the vestibule of one of the defendant's cars, and that, in order to do so, it was necessary for him to use said ladder, and that while attempting to use said ladder "the steps of said ladder and braces thereof gave way by reason of its old, defective and dangerous condition," and plaintiff was thrown upon and across the bumper of said car and injured.

The negligence complained of is the carelessness of the defendant in permitting and allowing said ladder to be and remain in said defective, worn-out and dangerous condition and in not furnishing plaintiff with a new, proper and sufficient ladder in accordance with said promise.

As I have said, a demurrer has been filed to this petition on the ground that it does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

In argument the question is raised whether or not a promise of the master to supply a new instrumentality is the same in law as the promise of the master to repair a defect in an existing instrumentality. On that proposition I quote with approval what is said by 1 Labatt, Mas. & Serv., 419:

"There is apparently no adequate ground upon which it can be maintained that a promise to furnish other instrumentalities in place of those from which the servant apprehends danger should not be deemed equivalent in its legal effect to a promise to remedy a defect in some instrumentality the use of which is to be continued. Such equivalence has been asserted or taken for granted in several cases."

Although there are intimations in some of the cases which would put promises of these two descriptions upon different footings, I have found no well-considered case which so decides; and in view of the large number of cases where the promise in reference to a new instrumentality has been taken to be the same as a promise to repair an instrumentality in use, and in view of the fact that I can see no good reason for a distinction, I hold that the petition states a cause of action so far as that is concerned.

The next question raised by this demurrer is whether or not the rule that a servant is entitled to go on working for a reasonable time after a promise to remove a danger, without his being charged with an assumption of the risk, is applicable to a case where the injury is caused by a simple appliance the defects of which are understood as fully by the servant as by the employer. So far as I know this question has not been determined by any court in Ohio.

Under the facts shown by the petition in this case it is plain that the plaintiff would not be entitled to recover except upon the theory that the promise of the defendant to substitute a new ladder relieved him from the assumption of risk which would follow from his intimate knowledge of the condition of the ladder. The plaintiff alleges that he ascertained that the ladder was defective and dangerous, and was "unfit for plaintiff to use in connection with his said work." It follows, then, that but for the promise which it is claimed the defendant made, he could not recover for an injury resulting from the use of a step-ladder which he knew was in such a defective and dangerous condition.

It is significant that the plaintiff was so impressed with the dangerous condition of the step-ladder that he complained of it not only to his immediate boss but to the master mechanic of the defendant, and that the boss and the master mechanic both regarded the step-ladder as beyond repair, and the plaintiff claims that each of them promised to supply a new ladder. The plaintiff appreciated that the using of the old step-ladder was dangerous, because he says in his petition that he discovered that it was dangerous and so reported it two different times.

It is beyond question that if the plaintiff with his knowledge of the defective condition of the step-ladder and his appreciation of the danger in using the same, had continued to use it wthout any promise on the part of the company to replace it with a new ladder, he could not recover. It is also true that if the promise alleged in this case brings the case within the general rule on the subject, he is relieved by such promise from the consequences of his knowledge of the defective condition of the step-ladder. The general rule is stated as follows by Cooley, Torts, 661:

"If the servant, having a right to abandon the service because it is dangerous, refrains from doing so in consequence of assurances that the danger shall be removed, the duty to remove the danger is manifest and imperative, and the master is not in the exercise of ordinary care unless or until he makes his assurances good. Moreover, the assurances remove all ground

for the argument that the servant by continuing the employment engages to assume its risks.''

The courts of Kentucky and Kansas hold that this rule applies to simple appliances where the servant is employed in the performance of ordinary labor, while the courts of several other states have determined that the rule does not apply where the servant is employed in the performance of ordinary labor in which no machinery is used, the use of which requires the exercise of great skill and care, where the defects of the appliance used are understood and appreciated as fully by the servant as by the employer. Perhaps the leading case on this subject is *Marsh* v. *Chickering,* 101 N. Y., 396. That happens to be a step-ladder case and is quoted with approval in 1 Bailey, Master's Liability for Injuries to Servant, p. 181, Section 525; p. 1053, Section 3105, where it is laid down that defects in a ladder used by the employes were not within the general rule and that the promise to repair such implements, and those of like character and purpose, did not affect the master. I will not quote at length from this case, because counsel may be familiar with it, and if not, they will, of course, desire to read the whole case. In a case in the Supreme Court of Arkansas, where there was a defective ladder, which defect had been reported and the employer had promised to supply a better ladder, it was held in an action against an employer for damages that the plaintiff could not recover, he having assumed the risk. *St. Louis, A. & T. Ry.* v. *Kelton,* 55 Ark., 483.

The same doctrine is held by the Supreme Court of Indiana where, in a case decided in 1894, it is said in the syllabus:

''A master is not liable to a servant of mature years, and ordinary mental capacity, who is injured, in his employ by reason of a defect in a ladder, of which he was aware, though the servant had notified the master of such defect and was told to use the ladder until another was furnished.'' *Meador* v. *Railway,* 138 Ind., 290. See, also, *Crum* v. *Pump & Lumber Co.,* 34 Ind. App., 253.

That doctrine is approved in *Gowen* v. *Harley,* 56 Fed. Rep., 973. In a case decided by the Supreme Court of Maine and

reported in *Conley* v. *Exposition Co.*, 87 Me., 352, it was held under similar circumstances that the servant could not recover.

From what appears in the digest it seems that the Illinois Court of Appeals has recently had this subject before it for determination in three cases, and it is there held that the general rule hereinbefore quoted does not apply to injuries caused by a simple appliance. *McCormick Harv. Mach. Co.* v. *Wojcieckowski*, 111 Ill. App., 641; *Bowen* v. *Railway*, 117 Ill. App., 9; *International Packing Co.* v. *Krelowicz*, 119 Ill. App., 448.

In a recent case decided by the Supreme Court of Illinois, *Gunning System* v. *Lapointe*, 72 N. E. Rep., 393, 395, the following language is used:

"While, as a broad, general proposition, the master is required to furnish the servant a reasonably safe place in which to work, it is also true that if the defect is so open and obvious that the servant does see and know of the existence of the defect, and the danger arising therefrom is apparent and known to him, or within the observation of a reasonably prudent man in his situation, and the servant enters upon and continues the work, he is held to assume the risks and hazards of the employment due to such conditions. The servant may, however, in some cases, suspend the operation or force of the rule of assumed risk as to such defects and dangers by complaining to or informing the master thereof and obtaining from him the promise to repair the defects and obviate the danger. It is not in all cases that the servant may relieve himself from the assumption of the risk incident to defects and dangers of which he has full knowledge by exacting from the master a promise to repair. The cases where the rule of assumed risk is suspended, and the servant exempted from its application under a promise from the master to repair or cure the defect complained of, are those in which particular skill and experience are necessary to know and appreciate the defect and the danger incident thereto, or where machinery and materials are used of which the servant can have little knowledge, and not those cases where the servant is engaged in ordinary labor, or the tools used are only those of simple construction, with which the servant is as familiar and as fully understands as the master."

There is another case decided by the Supreme Court of Illinois where the same doctrine is laid down (*Webster Mfg. Co.* v.

*Nesbitt,* 205 Ill., 275). In this case a blacksmith was furnished by his master with a hammer that had become chipped and he was injured owing to its defective condition after a promise to repair had been made by the master; and it was held that the tool being merely a common hammer of which the servant had as complete knowledge as the master, the servant would be deemed to have assumed the risk. And after stating the general rule to the effect that a promise of the master to repair a defect in an appliance used by the servant relieves the servant from the charge of negligence by continuing in the service, the opinion proceeds as follows:

"But the rule which exempts an employe from assuming the risk where a promise to repair is made is designed for the benefit of those engaged in work where machinery and materials are used of which the employe has little knowledge, but it does not apply to ordinary labor which only requires the use of implements with which the employe is entirely familiar."

In a case decided by the Supreme Court of Wisconsin, *Cocoran* v. *Gas Light Co.,* 81 Wis., 191, it was decided that a petition did not state a good cause of action for personal injuries where the plaintiff alleged that he was employed by the defendant and occasionally required to use a ladder, and that on complaining that the ladder furnished was not safe he was told that a suitable one would be provided for future work, and relying on such promise he continued in the employment and that a suitable ladder was not provided, and that thereafter, while, by the foreman's order, he was ascending a ladder which was unprovided with spikes at its end or with other safe appliance, and resting upon an oily floor, it slipped and occasioned the injury complained of.

From a reading of these cases it is apparent that the courts have many times decided that the mere promise of the master to supply a new ladder will not justify a servant in using an old ladder which he knows to be defective and dangerous; and while there are other cases where other appliances than ladders are involved which hold a different rule than that indicated by the case I have stated, still I am of the opinion that the great

weight of authority is to the effect that the plaintiff in this case is not, under the facts alleged in his petition, entitled to recover, for the reason that he is conclusively presumed to know the plain and obvious defects of such simple portable appliances as he handles in the daily prosecution of his work. As to such defective tools and appliances he is in a position where he can readily discover and easily avoid or remedy the danger reasonably to be anticipated and ordinarily resulting from their use. In such case the promise of the employer to repair or replace such defective tools or appliances does not shift the assumption of risk in their use from the employe to the employer.

I am not unmindful of the decision of our Supreme Court, *Manufacturing Co.* v. *Morrissey,* 40 Ohio St., 148. That was a case which under all the authorities comes within the general rule which permits a servant to continue in the employment of the master with knowledge of defects in a machine of which he has complained and received assurance that the same would be remedied without being charged with assumption of the risk. The injury in that case was caused by a machine and not by a simple appliance like a ladder.

If the case at bar comes within the general rule, then, of course, the law as laid down in the above case is applicable, but, as I have heretofore stated, it is my judgment that the case at bar does not come within said general rule and for that reason the promise of the master to supply a new step-ladder does not change or enlarge the liability of the master.

The demurrer will, therefore, be sustained.