DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1908.

---

## Patrick Keenan, Appellee, v. Wells Brothers Company, Appellant.

### Gen. No. 14,032.

1. NEGLIGENCE—*what not, as a matter of law.* There is no negligence, as a matter of law, in ordering a laborer to pass or throw timbers down by hand from a gallery to the floor below.

2. MASTER AND SERVANT—*what methods of work may be adopted.* A master is not required to adopt the least hazardous method of performing his work; he may pursue any method which is reasonably safe.

3. STATUTE OF LIMITATIONS—*when declaration states new cause of action.* A new cause of action is stated in an amended declaration which charges negligence in directing work to be done in a hazardous place, while the original declaration merely charged negligence in ordering the work to be done in an unsafe way.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed June 30, 1908.

Statement by the Court. This is an action in which appellee recovered a judgment for $2,000 in an action for personal injuries.

The accident occurred July 24, 1903, and the action was commenced November 10, 1903. The plaintiff's declaration was filed January 6, 1904. The plaintiff at the time of the accident was in the employ of the

(1)

defendant, who was then engaged in the completion of a contract for the construction in part of Mandel Hall of the University of Chicago. Plaintiff was at work in the interior of the building, engaged with others in removing scaffolds, the work then approaching completion. In the center of the hall, where the ceiling is said to be from sixty to eighty feet high, the scaffolding had been lowered with block and tackle. The scaffolds erected over the gallery, where the height was considerably less, were being taken apart and the lumber from them piled on the gallery floor, from which it was passed or thrown by hand down upon the main floor below. Plaintiff had been directed by a sub-foreman to pass or throw down the lumber lying on the gallery floor, which lumber had constituted a part of the scaffolding. After passing down a number of the longer pieces, there remained a quantity of pieces which were too short to be passed down to a man standing on the main floor below. The said foreman then directed a plank to be laid resting on and projecting over the front railing of the gallery, the other end of the plank resting upon one of the steps which rise one above another and constitute the gallery floor. This plank was about ten inches wide and two inches thick. The sub-foreman directed the plaintiff to carry the short pieces out on this plank and throw them down, the purpose of the plank apparently being to protect the gallery railing from being hit and injured by pieces so thrown down over it. While standing on this plank plaintiff was attempting to throw down a piece of the scaffolding upon one end of which a cleat was nailed and through which nails were projecting. Plaintiff called to the man on the floor below to get out of the way as he was going to throw down this piece which was too short to be passed down. In attempting to throw the piece down plaintiff allowed the projecting nails to catch in his clothing, causing him to lose his balance, and he fell to the floor below, receiving the injuries complained of.

KRAUS, ALSCHULER & HOLDEN, for appellant.

B. J. WELLMAN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of the defendant that the original declaration did not state a cause of action. To this declaration a demurrer was filed, which the court overruled and thereupon defendant filed a plea of general issue. The pleadings remained in this condition until March 1, 1907, more than three years after the cause of action arose. The case having been reached on the calendar for trial, the defendant by leave of court withdrew its plea of general issue and the demurrer was re-argued, with the result that the court sustained it. Leave was thereupon given plaintiff to file an amended or additional count to the declaration, which was done. To this amended count the defendant demurred, and this demurrer also was sustained; whereupon plaintiff by leave of court amended said additional count on its face, and the defendant then pleaded the general issue to said amended additional count, and also pleaded the Statute of Limitations. Plaintiff thereupon (having first filed and then withdrawn replications) demurred to the pleas setting up the Statute of Limitations and the demurrers were sustained. Defendant thereupon elected to stand by the pleas of the Statute of Limitations and the cause proceeded to trial upon the amended declaration and the defendant's plea of general issue. The trial resulted in the verdict and judgment appealed from.

The demurrer to the original declaration was, we think, properly sustained. The charge of negligence which it contained is that "defendant carelessly, negligently and unlawfully ordered and directed the plaintiff to quit the use of the block and tackle and to pass or throw said timber down by hand." There is further language to the effect that plaintiff objected and

"told the foreman that the proper way was in doing it by block and tackle as the work was then being done;" but that as the foreman insisted he obeyed the order, "while he did not believe it was the proper method of doing said work." It is, we think, apparent that there was no negligence as a matter of law in ordering a laborer to pass or throw timbers down by hand from a gallery to the floor below. Such work is not necessarily dangerous, and there is nothing in the averments of the original declaration and no facts are stated therein from which it can be inferred that such manner of doing the work was dangerous in any respect. If it be admitted that the use of block and tackle was a safer method of doing the work, which is not self-evident, nevertheless as said in Cichowicz v. International Packing Co., 206 Ill. 346-349, it is "the long established and often repeated rule of law that every person may choose his own appliances and conduct his business in his own way, provided he does not violate the law of the land, although another method and other appliances might be less hazardous; and if a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he cannot maintain an action against his master for the injury merely on the ground that there was a safer mode in which the business might have been conducted." See also Elgin, Joliet & E. Ry. Co. v. Myers, 226 Ill. 358-364, and cases there cited.

It is further insisted that as the original declaration stated no cause of action, the cause of action, if any, stated in the amended declaration was necessarily a new and different cause of action, which amended declaration having been filed more than three years after the alleged injuries occurred and the original declaration had been filed, was barred by the Statute of Limitations, and that it was so barred without regard to whether the original declaration stated a cause of action or not. Said amended declaration contained the new averment that "defendant ordered and

directed the plaintiff to perform said work in a dangerous and unsafe method and in a dangerous and unsafe place.'' This is an averment of a new cause of action, namely, that plaintiff was ordered to work in a dangerous and unsafe place, a very different averment from any contained in the original declaration, where the cause of action is alleged to be the order to pass or throw the lumber from the scaffolding down by hand instead of by block and tackle. In Wabash R. R. Co. v. Bhymer, 214 Ill. 579-586, it is said that ''one of the tests by which it is determined whether different counts constitute the same cause of action or different causes of action is whether the same evidence will support the different counts.'' It is plain that evidence tending to prove negligence in ordering the work to be done in a different or even unsafe method would by no means be admissible in support of a charge of negligence in directing work to be done in a dangerous place. In Ill. Central R. Co. v. Campbell, 170 Ill. 163-167, it is held that a statement in an amended declaration to the effect that a pile of ashes was permitted by the defendant to accumulate near the side of the track was a ''separate and distinct cause of action charging other and different negligence from that alleged in the first count of the declaration,'' where the negligence charged was that the defendant ''carelessly and negligently furnished and placed in its said railroad track in said freight yards an unsafe and dangerous frog that was of old style and dangerous construction and unblocked.'' See also Chicago City R. R. Co. v. Scanlan, 170 Ill. 106-110. In the case at bar, as said in Chicago C. Ry. Co. v. Leach, 182 Ill. 359-364, ''the evidence to sustain one count would not sustain the other and the evidence in defense as against one count could not be relied upon as a defense under the other.'' If we concede that the amended declaration stated a cause of action, it was yet a new and different cause of action against which the plea of the Statute of Limitations was a sufficient

bar. But it sufficiently appears from the amended declaration that the plaintiff knew of whatever danger there was in standing on the plank to throw or pass down lumber, and as said in Republic Life Co. v. Lee, 227 Ill. 246-258, the "defects were not hidden or latent. * * * Knowledge of the conditions under which this work was to be done was to a man of appellee's age and experience knowledge of the dangers arising therefrom;" and in such cases the risk is assumed, except where the injured person is not fully cognizant of the danger and relies upon the order to do the work as an assurance that he may safely perform the task. See also Sherwood v. Rieck, 104 Ill. App. 368-371. We are of opinion the demurrer to defendant's plea of the Statute of Limitations to the amended declaration was erroneously sustained.

In view of this conclusion we are not warranted in extending this opinion by a discussion of other questions presented in the briefs.

The judgment of the Circuit Court must be reversed and the cause remanded, with directions to overrule the defendant's demurrer to the plea of the Statute of Limitations to the amended or additional count.

*Reversed and remanded, with directions.*