Bernard McDermott, Appellee, v. Springfield Coal Mining Company, Appellant.

1. INSTRUCTIONS—*when peremptory properly refused.* A peremptory instruction is properly refused if there is evidence tending to establish a right of recovery.

2. INSTRUCTIONS—*must not ignore element essential to recovery.* In an action for personal injuries an instruction which authorizes the

jury to find a verdict for the plaintiff if certain facts are found, is erroneous if it ignores any element essential to a recovery.

3. MASTER AND SERVANT—*doctrine of assumed risk defined.* A servant assumes not only the ordinary risks incident to his employment but also all dangers which are obvious and apparent notwithstanding the master may have failed in his duty to furnish the servant with a place ordinarily safe in which to work.

4. NEGLIGENCE—*what not as a matter of law.* In an action for personal injuries suffered by a mule driver while employed in a mine, *held*, that it was not negligence, as a matter of law, to fail to provide a car with a bumper.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. R. B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed May 28, 1910.

CONKLING & IRWIN, and J. C. McBRIDE, for appellant.

A. SALZENSTEIN and T. J. CONDON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case for the recovery of damages sustained by the plaintiff through the alleged negligence of the defendant company while he was employed as a mule-driver in its mine. A judgment was rendered in favor of the plaintiff for $900 to reverse which this appeal was prosecuted by the defendant.

The declaration alleges that on August 18, 1908, the defendant operated a coal mine; that the plaintiff was employed as a driver in said mine, and hauled loaded cars, drawn by mules, from the parting to the bottom, and empty cars from the bottom to the parting; that it was the duty of the defendant to use reasonable care to provide the plaintiff reasonably safe cars having bumpers on the ends of them; that while in the course of his employment the plaintiff was driving a team of mules tandem, attached to eleven coal cars, from the south main entry to the bottom of the mine, it became necessary, on account of conditions existing on the roadway, for him to get off of the car on which he was

seated and from the ground urge the mules forward over certain obstructions; that after he had done so he started to get on the forward car on which he was riding; that in so doing, "he attempted to place his foot where the bumpers of said car should have been, as was the usual and customary manner of mounting from the ground to such cars, and said bumpers being gone, of which he had no knowledge, and using ordinary care and caution had not discovered, he was sliding and falling toward the railroad track and in danger of falling thereon and having the cars run over him, and in order to save himself, using reasonable care and caution for his own safety, his face and head with great force and violence came in contact with some hard substance which the defendant had placed or allowed to be and remain near said track," whereby he was injured.

The evidence shows that McDermott had been driving mules in mines for twelve years prior to the accident, and had driven the same team, on the same run, in defendant's mine for about three months, and was hauling empty cars to and loaded cars from the parting in the main west entry. On the morning of the accident he had brought a trip of empties to the parting from the bottom, and placed them on the empty parting track. He then unhitched his mules and drove them through a cross-cut, to the loaded parting track and hitched them on to a trip of loaded cars, by fastening the tail-chain to the draw-bar which was attached to the middle bottom board of the front car and was about ten inches above the entry floor. The bottom of the cars was 32 inches wide and constructed of three boards laid length-wise. The bumpers on the cars were made by the projection of the two outer boards of the car bottom, each of which projected out three or four inches beyond the middle board of the bottom, and would, had they been in place, have been on a level with and four or five inches from the hole in the draw-bar, into which the tail-chain was hooked.

McDermott testified that after he had hitched his team to the trip, he went back along the south side of the trip, put the tail-light on the rear car, and then returned along the

same side and went up in front of the mules to keep the leader from going into the cross-cut; that after the mules had passed the cross-cut he stepped on the south bumper on the car, sat down on the seat facing south, and rode in this position about three hundred yards until he came to a place where there was some dirt in the entry, where he got off the trip to start the team, which had stopped; that he crossed over in front of the cars, and when up along the north side of the entry until he had started the team; that he then stopped and stood waiting until the front car was about four feet from him, when he stepped for the north bumper to get on the seat; that he did not think anything about the bumper, but when he stepped for the bumper and missed it, he knew it was not there; that when he stepped and missed the bumper he started to fall, grabbed the front of the car with his left hand and the side of the car with his right hand and dragged himself up; that he did not go under the car and that he was caught by something along the side of the car, but what it was he did not know, and that the next he knew he was laying in front of his trip, in the middle of the track, and the front of the trip was from twenty to thirty feet from where he fell.

The evidence for defendant tends to show that the plaintiff, after the accident, stated that the bumper was off of the car and that he was caught by a bar over the track, called the low-bar, when he attempted to jump on the car while it was in motion. The evidence for the defendant further tends to show that there was no prop along where the plaintiff was injured, nor any debris along the side of the car by which he could have been injured; that an examination made after the accident indicated that he had not been caught along the side of the track as he claimed, but had been knocked off the car by a low cross-bar under which he had passed; that the seat on such car was only about twenty-six inches above the ground, so that it was unnecessary to use the bumper; that bumpers were placed on the cars for the sole purpose of protecting the draw-bars and the ends of the cars and to prevent the cars locking on turns, and further, that there was no

necessity for the plaintiff getting on the trip while it was in motion, as he had full control of the trip.

There was evidence tending to establish a right of recovery, and the court properly refused to direct a verdict for the defendant.

The first instruction given for the plaintiff tells the jury that if they found from the evidence that the plaintiff had made out his case as laid in the declaration, by the preponderance of the evidence, they should find the issues against the defendant. In order to recover it was essential that the plaintiff should prove that the defendant knew or in the exercise of ordinary care should have known, that the bumper was missing from the car when it furnished him with the same. The alleged defect was not one of original construction. The effect of the foregoing instruction was to eliminate this question from the case as it is not charged in the declaration, either expressly or by implication, that the defendant had or should have had knowledge of the condition of the car. The jury, if they followed such instruction, might have found the averments of the declaration to have been fully established by the evidence and based their verdict thereon, although they may have further believed that the evidence failed to show that the defendant had or should have had notice of the defective condition of the car. Lumber Co. v. Hanley, 214 Ill. 243. The instruction was peremptory in form and the error was not cured by others given. Krieger v. R. R. Co., 242 Ill. 544.

The third instruction reads as follows: "The court instructs the jury that it is the duty of a coal company to furnish reasonably safe cars to its drivers, operating and handling such cars, and that such drivers have a right to rely that the coal company has performed such duty, and the failure of the coal company to perform such duty is not a risk assumed by such driver in the ordinary course of his employment." This instruction was misleading and prejudicial. From it the jury might readily understand not only as a matter of law that the car in question was not reasonably safe, but that the law relative to the doctrine of assumed risk

was as therein stated. A servant assumes not only the ordinary risks incident to his employment, but also all dangers which are obvious and apparent, notwithstanding the master may have failed in his duty to furnish the servant with a place ordinarily safe in which to work. Cichowicz v. Packing Co., 206 Ill. 346; McCormick Machine Co. v. Zakzewski, 220 Ill. 522.

The fourth instruction, in substance, told the jury that if the plaintiff was injured "by reason of one of the bumpers on one of the cars furnished him and on which his seat was placed, being gone, while he was attempting to take his seat by stepping thereon, as alleged in his declaration," they should find the defendant guilty. The instruction stated in effect that as a matter of law the failure to have a bumper on the car was negligence *per se*. Whether the absence of a bumper was negligence was a question of fact to be determined by the jury under all the facts and circumstances. The instruction therefore invaded the province of the jury.

The evidence in the case was close and conflicting upon all material issues. Under such circumstances it was essential that the instructions be free from substantial error. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*