John Ryznar, Appellee, v. Illinois Steel Company, Appellant.

## Gen. No. 15,027.

MASTER AND SERVANT—*when doctrine of assumed risk will bar recovery.* If an experienced servant is in the position of knowing best with respect to a danger and he knows the risk and appreciates or should appreciate the danger arising therefrom and continues at his work without complaint and is injured, he cannot recover.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard

in the Branch Appellate Court at the October term, 1908. Reversed with finding of facts. Opinion filed June 3, 1910.

KNAPP & CAMPBELL and WILLIAM BEYE, for appellant.

PEASE, SMIETANKA & POLKEY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court in an action on the case for personal injuries sustained by the plaintiff September 29, 1906, at the plant of the defendant.

The plaintiff at the time was working for the defendant as an extra driller. He had been so employed since the previous April. He was engaged in drilling rails with a drilling machine. A rail would be placed under the drills. By means of a large wheel the drills of the machine were lowered until they touched the rail, the drills revolving in the meantime, and so were the cog wheels of the machine. The automatic feed, by means of which the drills as they revolved were lowered automatically as the cutting away of the steel took place, was set in motion by means of a lever on the machine just a little higher than the operator's head. When the automatic feed was not in operation this lever was about four inches from the cog wheel which caught plaintiff's hand. When the feed was in operation the lever was pulled down and came somewhat nearer to the cog wheel. Just how close it was is not stated in the evidence. The cog wheels and the lever were in plain view. When the operator wished to start the automatic feed he pulled the lever down. It took about three minutes to drill a rail. Each time a new rail was drilled, the lever controlling the automatic feed had to be raised and lowered.

On the evening of the accident the plaintiff had worked on the machine about a half hour, or an hour at most. At the time of his injury he was lowering the lever. The hand pad or mitten he was wearing, furnished by the defendant, was caught in the cogs of the machine and his hand was injured. The plaintiff says that when he put his hand up to take hold of the lever he was looking at the lever.

While operating the machine plaintiff stood in front of the machine, the cog wheels and lever being about two inches above his head. There was an arc light which furnished good light upon the machine so that the cog wheels could be seen revolving at a distance of fifteen feet from the machine. When plaintiff worked on this machine two weeks prior to the accident there was a cover over the gearing. When, how, or by whom the cover was removed does not appear in the evidence.

The material facts in the record are uncontroverted. The cog wheels in which plaintiff was injured were uncovered and in plain view of the plaintiff while operating the machine. The place where the machine stood was well lighted. The revolving cogs could be plainly seen fifteen feet from the machine. They were just above the level of plaintiff's head and in front of him. It was impossible that he did not see them the number of times he was required to move the lever while at work on the machine before the accident. Plaintiff swears that when he reached up to move the lever at the time he was injured he was looking at the lever. If he was looking at the lever at that moment it is impossible to believe he did not see the uncovered revolving cogs which were only about four inches from the lever. The danger of getting his hand in contact with the revolving cog wheels was obvious and apparent. There was nothing between him and the cog wheels to intercept or to interfere with his vision. The inference and conclusion are irresistible that the plaintiff had full and complete knowledge of the situation and the danger of putting his hand in contact with the revolving machinery. He was an experienced servant of mature years, and must be held chargeable with the knowledge of the fact that there was no cover over the cog wheels; and that he assumed the risk of this defect in the machine. Republic Iron Co. v. Lee, 227 Ill. 246. Certainly no one had a better opportunity than plaintiff to know of this defect. It was not hidden or latent. Knowledge of the conditions confronting him for a half hour or an hour while he was at the machine was, to a man of plaintiff's age and experience, knowledge of the dangers aris-

ing therefrom. Chicago & Eastern Ill. R. Co. v. Heerey, 203 Ill. 492. "In Browne v. Siegel, Cooper & Co., 191 Ill. 226, it is said that even if the master fails in his duty to furnish the servant a place ordinarily safe in which to work, and there are to the knowledge of the servant defects which render the place unsafe, the servant is held to have assumed the hazard, for he cannot go on, with knowledge of the danger, without complaint until he is injured, and then hold the master liable." See also McCormick Machine Co. v. Zakzewski, 220 Ill. 522.

In Armour v. Brazeau, 191 Ill. 117–127, it was said: "If a defect in an appliance is open and obvious so that by the exercise of ordinary care in the use of the appliance the employe will have knowledge of the defect, he is bound to take notice of the defect. He cannot presume a fact against his own knowledge, and assume that a defect, open to his observation, does not exist." To the same effect are Lake Erie & Western R. R. Co. v. Wilson, 189 Ill. 89; and E. St. L. I. etc. Co. v. Crow, 155 id. 74.

We are of the opinion that the plaintiff assumed the risks of his employment and waived all claims against the defendant for damages in case personal injury resulted from such danger. Browne v. Siegel, Cooper & Co., supra; Cichowicz v. International Packing Co., 206 Ill. 346.

The peremptory instruction offered at the close of all the evidence should have been given. The judgment of the Superior Court is reversed with a finding of facts.

*Reversed with finding of facts.*